TISDALE LAW OFFICES
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:   (212) 354-0025
Fax:   (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEIULEMAR SHIPPING SPA,                          :

       Plaintiff,                                    :     07 CV 03820 (VM)

     - against -                                       :     ECF CASE

SPOT ON SHIPPING LTD., a.k.a. SPOT ON            :
SHIPPING LTD. BVI., a.k.a. SPOT ON, a.k.a
CLAYTON STAR COMPANY LIMITED, a.k.a.             :
CLAYTON STAR, SPOT ON (HONG KONG)
GROUP CORPORATION LTD., SPOT ON                  :
(HONG KONG) GROUP LIMITED, SPOT ON
INTERNATIONAL GROUP LIMITED,                     :
SPOT ON HOLDINGS LIMITED, SPOT ON
COMPANY LTD., PEHW ASSET MANAGEMENT :
LIMITED, PEHW FUND LIMITED,
ZHANGGANG SHIPPING LIMITED and                   :
MARK GAINS HOLDINGS LIMITED,
                                                 :
       Defendants.
------------------------------------------------------------X

## AMENDED VERIFIED COMPLAINT

The Plaintiff, DEIULEMAR SHIPPING SPA (hereinafter "Plaintiff"), by its attorneys, Tisdale Law Offices, as and for its Amended Verified Complaint against the Defendants, SPOT ON SHIPPING LTD. a.k.a. SPOT ON SHIPPING LTD. BVI a.k.a. SPOT ON (hereinafter "Spot On") a.k.a CLAYTON STAR COMPANY LIMITED, a.k.a. CLAYTON STAR (hereinafter "Clayton Star"), SPOT ON (HONG KONG) GROUP CORPORATION LTD. (hereinafter "Spot On HK GCL"), SPOT ON (HONG KONG) GROUP LIMITED (hereinafter "Spot On HK GL"),

SPOT ON INTERNATIONAL GROUP LIMITED (hereinafter "Spot On Int'l"), SPOT ON HOLDINGS LIMITED (hereinafter "Spot On HL"), SPOT ON COMPANY LTD. (hereinafter "Spot On CL"), PEHW ASSET MANAGEMENT LIMITED (hereinafter "Pehw Asset"), PEHW FUND LIMITED (hereinafter "Pehw Fund"), ZHANGGANG SHIPPING LIMITED (hereinafter "Zhanggang") and MARK GAINS HOLDINGS LIMITED (hereinafter "Mark Gains Holdings")(collectively referred to as "Defendants"), allege, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law with a principle place of business in Naples, Italy.

3. Upon information and belief, at all material times, Defendant Spot On was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Wanchai, Hong Kong with an address of Suites 1818-1823 18th Floor Sun Hung Kai Centre, 30 Harbour Road, Wanchai Hong Kong and a registered address at Craigmuir Chambers, PO Box 71, Road Town, Tortola, BVI.

4. Upon information and belief, at all material times, Defendant Spot On HK GCL was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Wanchai, Hong Kong with an address of Suites 1818-1823 18th Floor Sun Hung Kai Centre, 30 Harbour Road, Wanchai Hong Kong.

5. Upon information and belief, at all material times, Defendant Spot On HK GL was and still is an entity duly organized and existing by virtue of foreign law with a principal

place of business in Wanchai, Hong Kong.

6. Upon information and belief, at all material times, Defendant Spot On Int'l was and still is an entity duly organized and existing by virtue of foreign law with an address in the British Virgin Islands located at Craigmuir Chambers, PO Box 71, Road Town, Tortola, BVI.

7. Upon information and belief, at all material times, Defendant Spot On HL was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in the British Virgin Islands at PO Box 957, Offshore Incorporations Centre, Road Town, Tortola, BVI.

8. Upon information and belief, at all material times, Defendant Spot On CL was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Qingdao, China.

9. Upon information and belief, at all material times, Defendant Pehw Asset was and still is an entity duly organized and existing by virtue of foreign law.

10. Upon information and belief, at all material times, Defendant Pehw Fund was and still is an entity duly organized and existing by virtue of foreign law.

11. Upon information and belief, at all material times, Defendant Zhanggang was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Hong Kong.

12. Upon information and belief, at all material times, Defendant Mark Gains Holdings was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in the British Virgin Islands located at PO Box 957, Offshore Incorporations Centre, Road Town, Tortola, BVI.

13. Upon information and belief, Spot On notified the Plaintiff on or about March 30, 2007 by email that its name had changed and that "Spot On Shipping Limited ("The Company") has been acquired at 100% equity by PEHW Asset Management Limited, which is a subsidiary company under PEHW Fund Limited. So the operation of The Company should be named as "PEHW Asset Management Limited" afterwards, which is also the official name for the purpose of ffa contract."

14. Upon information and belief, Pehw Asset notified the Plaintiff on or about May 7, 2007 by email that the name and contact details of "Spot On Shipping Limited, BVI" had been changed to "Clayton Star Company Limited." As such, Clayton Star is a name by which Spot On is also known.

15. By way of two Forward Freight Agreements dated February 7, 2007 and March 8, 2007 (hereinafter the "FFAs"), Defendant Spot On agreed to sell and buy freight futures with the Plaintiff.

16. The FFAs provided for settlement dates of the last day of three contract months: April, May and June of 2007.

17. Despite due demand for payment, Spot On has failed to remit payment to Plaintiff in breach of the FFAs.

18. As a result of Spot On's breach of the FFA contracts, Plaintiff has suffered a loss in the total principal sum of **$904,039.34**, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

19. Pursuant to the FFA contracts all disputes arising thereunder are to be submitted to the English High Court with English law to apply.

20. Plaintiff is currently preparing to commence litigation against Spot On in the English High Court on its claims as described hereinabove.

21. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in English High Court proceedings conducted pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $904,039.34; |
| | Feb. 7 2007 FFA: | $530,769.67 | |
| | Mar. 8, 2007 FFA: | $373,269.67 | |
| B. | Estimated interest on the principal claims at 6.5% for three years: | | $ 188,183.07; and |
| C. | Attorneys' fees and other recoverable costs: | | $150,000.00 |
| Total: | | | **$1,242,222.40** |

22. Upon information and belief, Spot On HK GCL is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On HK GCL is actually carrying on Spot On's business and operations as if same were its own.

23. Upon information and belief, Defendant Spot On HK GCL is an alias, or agent of Defendant Spot On and/or Spot On is an alias, or agent of Spot On HK GCL.

24. Upon information and belief, Defendants Spot On HK GCL and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business. Further, the Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

25. Upon information and belief, Spot On HK GCL is controlled by Ms. Wei-lu Zhang, Spot On Int'l and Mark Gains Holdings.

26. Upon information and belief, Defendant Spot On HK GCL has no separate, independent identity from Defendant Spot On as they are separately incorporated for the purpose of fraudulently avoid payment of just debts to their creditors.

27. In the alternative, Defendant Spot On HK GCL is merely a shell corporation through which Spot On conducts its business.

28. In the further alternative, Defendants Spot On HK GCL and Spot On are partners and/or are joint venturers.

29. In the further alternative, Defendants Spot On HK GCL and Spot On are affiliated companies such that the Defendant Spot On HK GCL is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

30. Upon information and belief, Spot On Int'l is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On Int'l is actually carrying on Spot On's business and operations as if same were its own.

31. Upon information and belief, Defendant Spot On Int'l is an alias, or agent of Defendant Spot On and/or Spot On is an alias, or agent of Spot On Int'l.

32. Upon information and belief, Defendants Spot On Int'l and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business. Further, these Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

33. Upon information and belief, Defendants Spot On Int'l and Spot on share the same registered address of: Craigmuir Chambers, PO Box 71, Road Town, Tortola, BVI.

34. Upon information and belief, Defendant Spot On Int'l has no separate,

independent identity from Defendant Spot On as they use their names interchangeably with design to fraudulently avoid payment of just debts to their creditors.

35. In the alternative, Defendant Spot On Int'l is merely a shell corporation through which Spot On conducts its business.

36. In the further alternative, Defendants Spot On Int'l and Spot On are partners and/or are joint venturers.

37. In the further alternative, Defendants Spot On Int'l and Spot On are affiliated companies such that the Defendant Spot On Int'l is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

38. Upon information and belief, Mark Gains Holdings is the alter ego of Spot On and Spot On Int'l because it dominates and disregards Spot On/Spot On Int'l's corporate form to the extent that Mark Gains Holdings is actually carrying on Spot On/Spot On Int'l's business and operations as if same were its own.

39. Upon information and belief, Defendant Mark Gains Holdings is an alias, or agent of Defendants Spot On/Spot On Int'l and/or Spot On/Spot On Int'l is an alias, or agent of Mark Gains Holdings.

40. Upon information and belief, Defendants Mark Gains Holdings and Spot On/Spot On Int'l are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business.

41. Upon information and belief, Defendants Mark Gains Holdings and Spot On Int'l have the same address at PO Box 957, Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands.

42. Upon information and belief, Mark Gains Holdings succeeded Spot On Int'l as a director of Spot On HK GCL on or about May 14, 2007.

43. Upon information and belief, Defendant Mark Gains Holdings has no separate, independent identity from Defendants Spot On/Spot On Int'l as they use their names interchangeably with design to fraudulently avoid payment of just debts to their creditors.

44. In the alternative, Defendant Mark Gains Holdings is merely a shell corporation through which Spot On/Spot On Int'l conducts its business.

45. In the further alternative, Defendants Mark Gains Holdings and Spot On/Spot On Int'l are partners and/or are joint venturers.

46. In the further alternative, Defendants Mark Gains Holdings and Spot On/Spot On Int'l are affiliated companies such that the Defendant Mark Gains Holdings is now, or will soon be, holding assets belonging to Defendants Spot On/Spot On Int'l and vice versa.

47. Upon information and belief, Spot On HK GL is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On HK GL is actually carrying on Spot On's business and operations as if same were its own.

48. Upon information and belief, Defendant Spot On HK GL is an alias, or agent of Defendant Spot On and/or Spot On is an alias, or agent of Spot On HK GL.

49. Upon information and belief, Defendants Spot On HK GL and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business. Further, these Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

50. Upon information and belief, Defendants Spot On HK GL and Spot On share the

same registered address of: Craigmuir Chambers, PO Box 71, Road Town, Tortola, BVI.

51. Upon information and belief, Defendant Spot On HK GL has no separate, independent identity from Defendant Spot On as they use their names interchangeably with design to fraudulently avoid payment of just debts to their creditors.

52. In the alternative, Defendant Spot On HK GL is merely a shell corporation through which Spot On conducts its business.

53. In the further alternative, Defendants Spot On HK GL and Spot On are partners and/or are joint venturers.

54. In the further alternative, Defendants Spot On HK GL and Spot On are affiliated companies such that the Defendant Spot On HK GL is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

55. Upon information and belief, Spot On HL is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On HL is actually carrying on Spot On's business and operations as if same were its own.

56. Upon information and belief, Defendant Spot On HL is an alias, or agent of Defendant Spot On and/or Spot On is an alias, or agent of Spot On HL.

57. Upon information and belief, Defendants Spot On HL and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business. Further, the Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

58. Upon information and belief, Spot On HL is controlled by Ms. Wei-lu Zhang, Spot On Int'l and Mark Gains Holdings.

59. Upon information and belief, Defendant Spot On HL has no separate, independent identity from Defendant Spot On as they are separately incorporated for the purpose of fraudulently avoid payment of just debts to their creditors.

60. In the alternative, Defendant Spot On HL is merely a shell corporation through which Spot On conducts its business.

61. In the further alternative, Defendants Spot On HL and Spot On are partners and/or are joint venturers.

62. In the further alternative, Defendants Spot On HL and Spot On are affiliated companies such that the Defendant Spot On HL is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

63. Upon information and belief, Spot On CL is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On CL is actually carrying on Spot On's business and operations as if same were its own.

64. Upon information and belief, Defendant Spot On CL is an alias, or agent of Defendant Spot On and/or Spot On is an alias, or agent of Spot On CL.

65. Upon information and belief, Defendants Spot On CL and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business.

66. Upon information and belief, Spot On CL is controlled by Ms. Wei-lu Zhang, Spot On Int'l and Mark Gains Holdings.

67. Upon information and belief, Defendant Spot On CL has no separate, independent identity from Defendant Spot On as Spot On CL is an "unincorporated business liason office"

that exists for the purpose of fraudulently avoid payment of just debts to their creditors.

68. In the alternative, Defendant Spot On CL is merely a shell corporation through which Spot On conducts its business.

69. In the further alternative, Defendants Spot On CL and Spot On are partners and/or are joint venturers.

70. In the further alternative, Defendants Spot On CL and Spot On are affiliated companies such that the Defendant Spot On CL is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

71. Upon information and belief, Pehw Asset and Pehw Fund are the alter egos of Spot On because they dominate and disregard Spot On's corporate form to the extent that Pehw Asset and/or Pehw Fund is actually carrying on Spot On's business and operations as if same were its own.

72. Upon information and belief, Defendant Pehw Asset and/or Pehw Fund are aliases, or agents of Defendant Spot On and/or Spot On is an alias, or agent of Pehw Asset and/or Pehw Fund.

73. Upon information and belief, Defendants Pehw Asset, Pehw Fund and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business.

74. Upon information and belief, Defendant Pehw Asset and/or Pehw Fund have no separate, independent identity from Defendant Spot On as they conduct their business with design to fraudulently avoid payment of just debts to their creditors.

75. In the alternative, Defendants Pehw Asset and Pehw Fund are merely shell

corporations through which Spot On conducts its business.

76. In the further alternative, Defendants Pehw Asset, Pehw Fund and Spot On are partners and/or are joint venturers.

77. In the further alternative, Defendants Pehw Asset, Pehw Fund and Spot On are affiliated companies such that the Defendants Pehw Asset and Pehw Fund are now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

78. Upon information and belief, Zhanggang is the alter ego of Spot On and Spot On HK GCL because it dominates and disregards Spot On and Spot On HK GCL's corporate form to the extent that Zhanggang is actually carrying on Spot On and Spot On HK GCL's business and operations as if same were its own.

79. Upon information and belief, Defendant Zhanggang is an alias, or agent of Defendant Spot On/Spot On HK GCL and/or Spot On/Spot On HK GCL is an alias, or agent of Zhanggang.

80. Upon information and belief, Defendants Zhanggang and Spot On/Spot On HK GCL are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, including Mrs. Wei-Lu Zhang and Ms. Sammy Yu, and used to carry on such individuals' own business.

81. Upon information and belief, Defendant Zhanggang has no separate, independent identity from Defendant Spot On/ Spot On HK GCL as they use their names interchangeably with design to fraudulently avoid payment of just debts to their creditors.

82. In the alternative, Defendant Zhanggang is merely a shell corporation through which Spot On/Spot On HK GCL conducts its business.

83. In the further alternative, Defendants Zhanggang and Spot On/Spot On HK GCL are partners and/or are joint venturers.

84. In the further alternative, Defendants Zhanggang and Spot On/Spot On HK GCL are affiliated companies such that the Defendant Zhanggang is now, or will soon be, holding assets belonging to Defendant Spot On/Spot On HK GCL and vice versa.

85. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are believed to be due and owing to the Defendants.

86. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$1,242,222.40** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Verified Complaint;

C.     That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.      That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: June 4, 2007
      New York, NY

                              The Plaintiff,
                              DEIULEMAR SHIPPING SPA,

By:    /S/
          Lauren C. Davies (LD 1980)
          Thomas L. Tisdale (TT 5263)
          TISDALE LAW OFFICES
          11 West 42nd Street, Suite 900
          New York, NY 10036
          (212) 354-0025 (Phone)
          (212) 869-0067 (Fax)
          ldavies@tisdale-law.com
          ttisdale@tisdale-law.com

## ATTORNEY VERIFICATION

State of Connecticut )
) ss: Town of Southport
County of Fairfield )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Amended Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its solicitors, all of which I believe to be true and accurate.

Dated: June 4, 2007
Southport, CT

/s/
_____
Lauren C. Davies