TISDALE LAW OFFICES
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:    (212) 354-0025
Fax:    (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------- ----------------------------------------------X
DEIULEMAR SHIPPING SPA,                          :

                    Plaintiff,                   :        07 CV 03820 (VM)

            - against -                          :        ECF CASE

SPOT ON SHIPPING LTD., a.k.a. SPOT ON            :
SHIPPING LTD. BVI., a.k.a. SPOT ON, a.k.a.
CLAYTON STAR COMPANY LIMITED, a.k.a.             :
CLAYTON STAR, SPOT ON (HONG KONG)
GROUP CORPORATION LTD., SPOT ON                  :
(HONG KONG GROUP LIMITED, SPOT ON
INTERNATIONAL GROUP LIMITED,                     :
SPOT ON HOLDINGS LIMITED, SPOT ON
COMPANY LTD., PEHW ASSET MANAGEMENT :
LIMITED, PEHW FUND LIMITED,
ZHANGGANG SHIPPING LIMITED and                   :
MARK GAINS HOLDINGS LIMITED,
                                                 :
                    Defendants.
-------------------- ----------------------------------------------X

## VERIFIED SECOND AMENDED COMPLAINT

The Plaintiff, DEIULEMAR SHIPPING SPA (hereinafter "Plaintiff"), by its attorneys,

Tisdale Law Offices, as and for its Verified Second Amended Complaint against the Defendant

SPOT ON SHIPPING LTD. a.k.a. SPOT ON SHIPPING LTD. BVI a.k.a. SPOT ON (hereinafter

"Spot On") a.k.a. CLAYTON STAR COMPANY LIMITED, a.k.a. CLAYTON STAR

(hereinafter "Clayton Star"), SPOT ON (HONG KONG) GROUP CORPORATION LTD.

(hereinafter "Spot On HK GCL"), SPOT ON (HONG KONG) GROUP LIMITED (hereinafter

"Spot On HK GL"), SPOT ON INTERNATIONAL GROUP LIMITED (hereinafter "Spot On

Int'l"), SPOT ON HOLDINGS LIMITED (hereinafter "Spot On HL"), SPOT ON COMPANY

LTD. (hereinafter "Spot On CL"), PEHW ASSET MANAGEMENT LIMITED (hereinafter

"Pehw Asset"), PEHW FUND LIMITED (hereinafter "Pehw Fund"), ZHANGGANG

SHIPPING LIMITED (hereinafter "Zhanggang") and MARK GAINS HOLDINGS LIMITED

(hereinafter "Mark Gains Holdings")(collectively referred to as "Defendants"), allege, upon

information and belief, as follows:

     1.     This is an admiralty and maritime claim within the meaning of Federal Rule of

Civil Procedure 9(h) and 28 United States Code § 1333.

     2.     At all material times, Plaintiff was and still is an entity duly organized and

existing by virtue of foreign law with a principle place of business in Naples, Italy.

     3.     Upon information and belief, at all material times, Defendant Spot On was and

still is an entity duly organized and existing by virtue of foreign law with a principal place of

business in Wanchai, Hong Kong with an address of Suites 1818-1823 18th Floor Sun Hung Ka

Centre, 30 Harbour Road, Wanchai Hong Kong and a registered address at Craigmuir Chamber

PO Box 71, Road Town, Tortola, BVI.

     4.     Upon information and belief, at all material times, Defendant Spot On HK GCL

was and still is an entity duly organized and existing by virtue of foreign law with a principal

place of business in Wanchai, Hong Kong with an address of Suites 1818-1823 18th Floor Sun

Hung Kai Centre, 30 Harbour Road, Wanchai Hong Kong.

     5.     Upon information and belief, at all material times, Defendant Spot On HK GL

was and still is an entity duly organized and existing by virtue of foreign law with a principal

place of business in Wanchai, Hong Kong.

      6.     Upon information and belief, at all material times, Defendant Spot On Int'l was and still is an entity duly organized and existing by virtue of foreign law with an address in the British Virgin Islands located at Craigmuir Chambers, PO Box 71, Road Town, Tortola, BVI.

      7.     Upon information and belief, at all material times, Defendant Spot On HL was and still is an entity duly organized and existing by virtue of foreign law with a principal place f business in the British Virgin Islands at PO Box 957, Offshore Incorporations Centre, Road Town, Tortola, BVI.

      8.     Upon information and belief, at all material times, Defendant Spot On CL was and still is an entity duly organized and existing by virtue of foreign law with a principal place ? business in Qingdao, China.

      9.     Upon information and belief, at all material times, Defendant Pehw Asset was a l still is an entity duly organized and existing by virtue of foreign law.

      10.     Upon information and belief, at all material times, Defendant Pehw Fund was an still is an entity duly organized and existing by virtue of foreign law.

      11.     Upon information and belief, at all material times, Defendant Zhanggang was an still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Hong Kong.

      12.     Upon information and belief, at all material times, Defendant Mark Gains Holdings was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in the British Virgin Islands located at PO Box 957, Offshore Incorporations Centre, Road Town, Tortola, BVI.

13.    Upon information and belief, Spot On notified the Plaintiff on or about March 3 2007 by email that its name had changed and that "Spot On Shipping Limited ("The Company" has been acquired at 100% equity by PEHW Asset Management Limited, which is a subsidiary company under PEHW Fund Limited. So the operation of The Company should be named as "PEHW Asset Management Limited" afterwards, which is also the official name for the purpos of ffa contract.'

14.    Upon information and belief, Pehw Asset notified the Plaintiff on or about May 2007 by email that the name and contact details of "Spot On Shipping Limited, BVI" had been changed to "Clayton Star Company Limited." As such, Clayton Star is a name by which Spot On is also known.

15.    By way of two Forward Freight Agreements dated February 7, 2007 and March 2007 (hereinafter the "FFAs"), Defendant Spot On agreed to sell and buy freight futures with th Plaintiff.

16.    The FFAs provided for settlement dates of the last day of three contract months: April, May and June of 2007.

17.    Despite due demand for payment, Spot On has failed to remit payment to Plainti in breach of the FFAs.

18.    As a result of Spot On's breach of the FFA contracts, Plaintiff has suffered a loss in the total principal sum of **$2,771,429.10**, as best can now be estimated, exclusive of interest, recoverable cost and reasonable attorneys fees.

19.    Pursuant to the FFA contracts all disputes arising thereunder are to be submitted to the English High Court with English law to apply.

4

20.    Plaintiff is currently preparing to commence litigation against Spot On in the English High Court on its claims as described hereinabove.

21.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in English High Court proceedings conducted pursuant to English Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts:

A.    Principal claim:                                    $2,771,429.10;

|  |  |
|---|---|
| Feb. 7 2007 FFA: (Invoice 171) | $530,769.67 |
| Feb. 7 2007 FFA: (Invoice 222) | $710,231.77 |
| Feb. 7, 2007 FFA: (Invoice 274) | $383,588.21 |
| Mar. 8, 2007 FFA: (Invoice 168) | $373,269.67 |
| Mar. 8, 2007 FFA: (Invoice 224) | $547,481.77 |
| Mar. 8, 2007 FFA: (Invoice 276) | $226,088.21 |

B.    Estimated interest on the principal claims at
6.5% for three years:                                $ 576,895.29; and

C.    Attorneys' fees and other recoverable costs:        $150,000.00

Total:                                              **$3,498,324.30**

22.    Upon information and belief, Spot On HK GCL is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On HK GCL is actually carrying on Spot On's business and operations as if same were its own.

23.    Upon information and belief, Defendant Spot On HK GCL is an alias, or agent of

Defendant Spot On and/or Spot On is an alias, or agent of Spot On HK GCL.

24.     Upon information and belief, Defendants Spot On HK GCL and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business. Further, the Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

25.     Upon information and belief, Spot On HK GCL is controlled by Ms. Wei-lu Zhang, Spot On Int'l and Mark Gains Holdings.

26.     Upon information and belief, Defendant Spot On HK GCL has no separate, independent identity from Defendant Spot On as they are separately incorporated for the purpose of fraudulently avoid payment of just debts to their creditors.

27.     In the alternative, Defendant Spot On HK GCL is merely a shell corporation through which Spot On conducts its business.

28.     In the further alternative, Defendants Spot On HK GCL and Spot On are partners and/or are joint venturers.

29.     In the further alternative, Defendants Spot On HK GCL and Spot On are affiliate companies such that the Defendant Spot On HK GCL is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

30.     Upon information and belief, Spot On Int'l is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On Int'l is actually carrying on Spot On's business and operations as if same were its own.

31.     Upon information and belief, Defendant Spot On Int'l is an alias, or agent of Defendant Spot On and/or Spot On is an alias, or agent of Spot On Int'l.

6

32.    Jpon information and belief, Defendants Spot On Int'l and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the sam individuals, and used to carry on such individuals' own business.  Further, these Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

33.    Jpon information and belief, Defendants Spot On Int'l and Spot on share the same registered address of: Craigmuir Chambers, PO Box 71, Road Town, Tortola, BVI.

34.    Jpon information and belief, Defendant Spot On Int'l has no separate, independent identity from Defendant Spot On as they use their names interchangeably with design to fraudulently avoid payment of just debts to their creditors.

35.    In the alternative, Defendant Spot On Int'l is merely a shell corporation through which Spot On conducts its business.

36.    In the further alternative, Defendants Spot On Int'l and Spot On are partners and/or are joint venturers.

37.    In the further alternative, Defendants Spot On Int'l and Spot On are affiliated companies such that the Defendant Spot On Int'l is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

38.    Upon information and belief, Mark Gains Holdings is the alter ego of Spot On and Spot On Int. because it dominates and disregards Spot On/Spot On Int'l's corporate form to the extent that Mark Gains Holdings is actually carrying on Spot On/Spot On Int'l's business an operations as if same were its own.

39.    Upon information and belief, Defendant Mark Gains Holdings is an alias, or agen of Defendants Spot On/Spot On Int'l and/or Spot On/Spot On Int'l is an alias, or agent of Mark

Gains Holdings.

40.      Upon information and belief, Defendants Mark Gains Holdings and Spot On/Spot On Int'l are commonly beneficially owned, and commonly managed, controlled and dominated by the same individuals, and used to carry on such individuals' own business.

41.      Upon information and belief, Defendants Mark Gains Holdings and Spot On Int have the same address at PO Box 957, Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands.

42.      Upon information and belief, Mark Gains Holdings succeeded Spot On Int'l as a director of Spot On HK GCL on or about May 14, 2007.

43.      Upon information and belief, Defendant Mark Gains Holdings has no separate, independent identity from Defendants Spot On/Spot On Int'l as they use their names interchangeably with design to fraudulently avoid payment of just debts to their creditors.

44.      In the alternative, Defendant Mark Gains Holdings is merely a shell corporation through which Spot On/Spot On Int'l conducts its business.

45.      In the further alternative, Defendants Mark Gains Holdings and Spot On/Spot On Int'l are partners and/or are joint venturers.

46.      In the further alternative, Defendants Mark Gains Holdings and Spot On/Spot On Int'l are affiliated companies such that the Defendant Mark Gains Holdings is now, or will soon be, holding assets belonging to Defendants Spot On/Spot On Int'l and vice versa.

47.      Upon information and belief, Spot On HK GL is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On HK GL is actually carrying on Spot On's business and operations as if same were its own.

8

48.     Upon information and belief, Defendant Spot On HK GL is an alias, or agent of Defendant Spot On and/or Spot On is an alias, or agent of Spot On HK GL.

49.     Upon information and belief, Defendants Spot On HK GL and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the sam individuals, and used to carry on such individuals' own business.  Further, these Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

50.     Upon information and belief, Defendants Spot On HK GL and Spot On share the same registered address of: Craigmuir Chambers, PO Box 71, Road Town, Tortola, BVI.

51.     Upon information and belief, Defendant Spot On HK GL has no separate, independent identity from Defendant Spot On as they use their names interchangeably with design to fraudulently avoid payment of just debts to their creditors.

52.     In the alternative, Defendant Spot On HK GL is merely a shell corporation through which Spot On conducts its business.

53.     In the further alternative, Defendants Spot On HK GL and Spot On are partners and/or are joint venturers.

54.     In the further alternative, Defendants Spot On HK GL and Spot On are affiliated companies such that the Defendant Spot On HK GL is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

55.     Upon information and belief, Spot On HL is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On HL is actually carrying on Spot On's business and operations as if same were its own.

56.     Upon information and belief, Defendant Spot On HL is an alias, or agent of

9

Defendant Spot On and/or Spot On is an alias, or agent of Spot On HL.

57.     Upon information and belief, Defendants Spot On HL and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business. Further, the Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

58.     Upon information and belief, Spot On HL is controlled by Ms. Wei-lu Zhang, Spot On Int'l and Mark Gains Holdings.

59.     Upon information and belief, Defendant Spot On HL has no separate, independent identity from Defendant Spot On as they are separately incorporated for the purpose of fraudulently avoid payment of just debts to their creditors.

60.     In the alternative, Defendant Spot On HL is merely a shell corporation through which Spot On conducts its business.

61.     In the further alternative, Defendants Spot On HL and Spot On are partners and/or are joint venturers.

62.     In the further alternative, Defendants Spot On HL and Spot On are affiliated companies such that the Defendant Spot On HL is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

63.     Upon information and belief, Spot On CL is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On CL is actually carrying on Spot On's business and operations as if same were its own.

64.     Upon information and belief, Defendant Spot On CL is an alias, or agent of Defendant Spot On and/or Spot On is an alias, or agent of Spot On CL.

10

65.    Upon information and belief, Defendants Spot On CL and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business.

66.    Upon information and belief, Spot On CL is controlled by Ms. Wei-lu Zhang, Spot On Int'l and Mark Gains Holdings.

67.    Upon information and belief, Defendant Spot On CL has no separate, independent identity from Defendant Spot On as Spot On CL is an "unincorporated business liason office" that exists for the purpose of fraudulently avoid payment of just debts to their creditors.

68.    In the alternative, Defendant Spot On CL is merely a shell corporation through which Spot On conducts its business.

69.    In the further alternative, Defendants Spot On CL and Spot On are partners and/or are joint venturers.

70.    In the further alternative, Defendants Spot On CL and Spot On are affiliated companies such that the Defendant Spot On CL is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

71.    Upon information and belief, Pehw Asset and Pehw Fund are the alter egos of Spot On because they dominate and disregard Spot On's corporate form to the extent that Pehw Asset and/or Pehw Fund is actually carrying on Spot On's business and operations as if same were its own.

72.    Upon information and belief, Defendant Pehw Asset and/or Pehw Fund are aliases, or agents of Defendant Spot On and/or Spot On is an alias, or agent of Pehw Asset and/or Pehw Fund.

11

73.    Upon information and belief, Defendants Pehw Asset, Pehw Fund and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business.

74.    Upon information and belief, Defendant Pehw Asset and/or Pehw Fund have no separate, independent identity from Defendant Spot On as they conduct their business with design to fraudulently avoid payment of just debts to their creditors.

75.    In the alternative, Defendants Pehw Asset and Pehw Fund are merely shell corporations through which Spot On conducts its business.

76.    In the further alternative, Defendants Pehw Asset, Pehw Fund and Spot On are partners and/or are joint venturers.

77.    In the further alternative, Defendants Pehw Asset, Pehw Fund and Spot On are affiliated companies such that the Defendants Pehw Asset and Pehw Fund are now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

78.    Upon information and belief, Zhanggang is the alter ego of Spot On and Spot On HK GCL because it dominates and disregards Spot On and Spot On HK GCL's corporate form to the extent that Zhanggang is actually carrying on Spot On and Spot On HK GCL's business and operations as if same were its own.

79.    Upon information and belief, Defendant Zhanggang is an alias, or agent of Defendant Spot On/Spot On HK GCL and/or Spot On/Spot On HK GCL is an alias, or agent of Zhanggang.

80.    Upon information and belief, Defendants Zhanggang and Spot On/Spot On HK GCL are commonly beneficially owned, and commonly managed, controlled and dominated, by

12

the same individuals, including Mrs. Wei-Lu Zhang and Ms. Sammy Yu, and used to carry on such individuals' own business.

81.    Upon information and belief, Defendant Zhanggang has no separate, independent identity from Defendant Spot On/ Spot On HK GCL as they use their names interchangeably with design to fraudulently avoid payment of just debts to their creditors.

82.    In the alternative, Defendant Zhanggang is merely a shell corporation through which Spot On/Spot On HK GCL conducts its business.

83.    In the further alternative, Defendants Zhanggang and Spot On/Spot On HK GCL are partners and/or are joint venturers.

84.    In the further alternative, Defendants Zhanggang and Spot On/Spot On HK GCL are affiliated companies such that the Defendant Zhanggang is now, or will soon be, holding assets belonging to Defendant Spot On/Spot On HK GCL and vice versa.

85.    The Defendants cannot be found within this District within the meaning of Rule of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are believed to be due and owing to the Defendants.

86.    The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Second Amended Complaint;

B.     That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$3,498,324.30** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Second Amended Complaint;

C.     That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be

14

initiated in the future, including any appeals thereof; and

      E.     That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: September 25, 2007
       New York, NY

                         The Plaintiff,
                         DEIULEMAR SHIPPING SPA,

By:                             
                         Lauren C. Davies (LD 1980)
                         Thomas L. Tisdale (TT 5263)
                         TISDALE LAW OFFICES
                         11 West 42nd Street, Suite 900
                         New York, NY 10036
                         (212) 354-0025 (Phone)
                         (212) 869-0067 (Fax)
                         ldavies@tisdale-law.com
                         ttisdale@tisdale-law.com

## ATTORNEY VERIFICATION

State of Connecticut   )
                       )        ss: Town of Southport
County of Fairfield    )

1.      My name is Lauren C. Davies.

2.      I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3.      I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4.      I have read the foregoing Verified Second Amended Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5.      The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6.      The source of my knowledge is information and records furnished to me by the Plaintiff and its solicitors, all of which I believe to be true and accurate.

Dated: September 25, 2007
       Southport, CT

Lauren C. Davies

16

# EXHIBIT 1

Torre del Greco 30/04/2007

**Messers**
Spot on shipping ltd
Hong Kong

C/o    SSY Futures Ltd
1 Portsoken Street
London E1 8PH

| Invoice n° | 171 |
|---|---|

At your debit for: Ref.        **Contract date**    07/02/07

Contract rate (fixed price):        **62.000,00**    usd

Settlement price:        apr-07    **97.384,6447**   usd

Difference rate:        **35.384,6447**   usd

**TOTAL DUE :**        35.384,6447    x 15  =   **530.769,67**   usd

| Imponibili | Imp. IVA | Esenzione |
|---|---|---|
| 530.769,67 | | F.C. Iva ex art.2 com.3 |

| Total Invoice |
|---|
| $530.769,67 |
| € 390.128,39 |

Which please remit on follows Owners' bank account:
Bank: Monte dei Paschi di Siena        Swift: PASCITMM        Abi: 01030    Cab: 40300
Account N° : 9870
Correspondent Bank: Wachovia Bank        Swift: PNBPUS3N
Beneficiary: Deiulemar Shipping SpA

At exchange rate of $        1,3605

DEIULEMAR Shipping S.p.A. - Società con Unico Socio
Società soggetta a direzione e coordinamento di "POSEIDON International S.A."
Sede Legale: Via G. Marconi, 26 - 80059 Torre del Greco (NA) - ITALY - Phone: +39 081 3580811 - Fax +39 081.3580866
R.E.A. N. 732852 - P. IVA, Cod. Fisc. e N. d'iscrizione al Registro delle Imprese di Napoli: 02793450541 - Cap. Soc. € 10.000.000,00 int. vers.

# DEIULEMAR
## SHIPPING

*Torre del Greco 31/05/2007*

*Messers*
Spot on shipping ltd
Hong Kong

C/o    SSY Futures Ltd
1 Portsoken Street
London E1 8PH

| Invoice n° | 222 |
|---|---|

At your debit for: Ref.    -    **Contract date** 07/02/07

Contract rate (fixed price):    **62.000,00** usd

Settlement price:    mag-07    **107.821,4048** usd

Difference rate:    **45.821,4048** usd

**TOTAL DUE :**    45.821,4048  x 15,5  =  **710.231,77** usd

| Imponibili | Imp. IVA | Esenzione |
|---|---|---|
| 710.231,77 | | F.C. Iva ex art.2 com.3 |

| Total Invoice |
|---|
| $710.231,77 |
| € 527.935,61 |

Which please remit on follows Owners' bank account:
Bank: Monte dei Paschi di Siena    Swift: PASCITMM    Abi: 01030    Cab: 40300
Account N° : 9370    IBAN: It 15 J 0103040800 000000009370
Correspondent Bank: Wachovia Bank    Swift: PNBPUS3N
Beneficiary: Deiulemar Shipping SpA

At exchange rate of $    1,3453

DEIULEMAR Shipping S.p.A. - Società con Unico Socio
Società soggetta a direzione e coordinamento di "POSEIDON International S.A."
Sede Legale: Via G. Marconi, 26 - 80059 Torre del Greco (NA) - ITALY - Phone: +39 081 3580811 - Fax +39 081.3580866
R.E.A. N 732852 - P. IVA Cod. Fisc. e N. Iscrizione...

Torre del Greco 30/04/2007

*Messers*
Spot on shipping ltd
Hong Kong

C/o.    SSY Futures Ltd.
1 Portsoken Street
London E1 8PH

| Invoice n° | 168 |
|---|---|

At your debit for: Ref.    -    **Contract date**    08/03/07

Contract rate (fixed price):    **72.500,00**    usd

Settlement price:    apr-07    **97.384,6447**    usd

Difference rate:    **24.884,6447**    usd

TOTAL DUE :    24.884,6447    x 15    =    **373.269,67**    usd

| Imponibili | Imp. IVA | Esenzione |
|---|---|---|
| 373.269,67 | | F.C. Iva ex art.2 com.3 |

| Total Invoice |
|---|
| $373.269,67 |
| € 274.362,12 |

Which please remit on follows Owners' bank account:
Bank: Monte dei Paschi di Siena        Swift: PASCITMM        Abi: 01030    Cab: 40300
Account N° : 9370
Correspondent Bank: Wachovia Bank      Swift: PNBPUS3N
Beneficiary: Deiulemar Shipping SpA

At exchange rate of $        1,3605

DEIULEMAR Shipping S.p.A. - Società con Unico Socio
Società soggetta a direzione e coordinamento di "POSEIDON International S.A."
Sede Legale: Via G. Marconi, 26 - 80059 Torre del Greco (NA) - ITALY - Phone: +39 081 3580811 - Fax +39 081.3580866
R.E.A. N. 732852 - P. IVA, Cod. Fisc. e N. d'Iscrizione al Registro delle Imprese di Napoli: 02793450541 - Cap. Soc. € 10.000.000,00 int. vers.

Torre del Greco 31/05/2007

**Messers**
Spot on shipping ltd
Hong Kong

C/o            SSY Futures Ltd
               1 Portsoken Street
               London E1 8PH

| | Invoice n° | 224 |
|---|---|---|

**At your debit for: Ref.**        -        **Contract date**    08/03/07

Contract rate (fixed price):          **72.500,00**    usd

Settlement price:        mag-07    **107.821,4048**    usd

Difference rate:                **35.321,4048**    usd

**TOTAL DUE :**        35.321,4048    x 15,5  =   **547.481,77**   usd

| Imponibili | Imp. IVA | Esenzione |
|---|---|---|
| 547.481,77 | | F.C. Iva ex art.2 com.3 |

| Total Invoice |
|---|
| $547.481,77 |
| € 406.958,87 |

Which please remit on follows Owners' bank account:
Bank: Monte del Paschi di Siena        Swift: PASCITMM        Abi: 01030        Cab: 40300
Account N° : 9370
Correspondent Bank: Wachovia Bank        Swift: PNBPUS3N
Beneficiary: Deiulemar Shipping SpA

At exchange rate of $        1,3453

**DEIULEMAR Shipping S.p.A. - Società con Unico Socio**
Società soggetta a direzione e coordinamento di "POSEIDON International S.A."
Sede Legale: Via G. Marconi, 26 - 80059 Torre del Greco (NA) - ITALY - Phone: +39 081 3580811 - Fax +39 081.3580866
R.E.A. N. 732852 - P. IVA, Cod. Fisc. e N. d'iscrizione al Registro delle Imprese di Napoli: 02793450541 - Cap. Soc. € 10.000.000,00 Int. vers.

# DEIULEMAR
## SHIPPING

Torre del Greco 29/06/2007

*Messers*
Spot on shipping ltd
Hong Kong

C/o     SSY Futures Ltd
1 Portsoken Street
London E1 8PH

| Invoice n° | 276 |
|---|---|

At your debit for: Ref.          Contract date   08/03/07

Contract rate (fixed price):          72.500,00   usd

Settlement price:          giu-07      87.572,5476   usd

Difference rate:          15.072,5476   usd

TOTAL DUE :          15.072,5476   x 15  =   226.088,21   usd

| Imponibili | Imp. IVA | Esenzione |
|---|---|---|
| 226.088,21 | | F.C. Iva ex art.2 com.3 |

| Total Invoice |
|---|
| $226.088,21 |
| € 167.410,75 |

Which please remit on follows Owners' bank account:
Bank: Monte dei Paschi di Siena          Swift: PASCITMM          Abi: 01030          Cab: 40300
Account N° : 9370          IBAN: It 15 J 0103040300 000000008370
Correspondent Bank: Wacovia Bank          Swift: PNBPUS3N
Beneficiary: Deiulemar Shipping SpA

At exchange rate of $          1,3505

DEIULEMAR Shipping S.p.A. - Società con Unico Socio
Società soggetta a direzione e coordinamento di "POSEIDON International S.A."
Sede Legale Via G. Marconi, 26 - 80059 Torre del Greco (NA) - ITALY Phone: +39 081 3580811 - Fax +39 081.3580866
R.E.A. N 732852 - P. I.V. Cod. Fisc. e N. d'iscrizione al Registro della

DEIULEMAR
SHIPPING

Torre del Greco 29/06/2007

**Messers**
Spot on shipping ltd
Hong Kong

C/o    SSY Futures Ltd
1 Portsoken Street
London E1 8PH

| | Invoice n° | 274 |
|---|---|---|

At your debit for: Ref.        -        **Contract date**    07/02/07

Contract rate (fixed price):           62.000,00   usd

Settlement price:          glu-07     87.572,5476   usd

Difference rate:                25.572,5476   usd

TOTAL DUE :        25.572,5476    x 15  =     383.588,21   usd

| Imponibili | Imp. I.V.A. | Esenzione |
|---|---|---|
| 383.588,21 | | F.C. Iva ex art.2 com.3 |

| Total Invoice |
|---|
| $383.588,21 |
| € 284.034,22 |

Which please remit on follows Owners' bank account:
Bank: Monte dei Paschi di Siena         Swift: PASCITMM         Abi: 01030         Cab: 40300
Account.N° : 9370                IBAN: IT 15 J 0103040300 000000009370
Correspondent Bank: Wachovia Bank       Swift: PNBPUS3N
Beneficiary: Deiulemar Shipping SpA

At exchange rate of $         1,3505

DEIULEMAR Shipping S.p.A. - Società con Unico Socio
Società soggetta a direzione e coordinamento di "POSEIDON International S.A."
Sede Legale Via G. Marconi, 26 - 80059 Torre del Greco (NA) - ITALY - Phone: +39 081 3580811 - Fax +39 081.3580866