TISDALE LAW OFFICES
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:   (212) 354-0025
Fax:   (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEIULEMAR SHIPPING SPA,                        :

       Plaintiff,                        :        07 CV 03820 (VM)

  - against -                                   :        ECF CASE

SPOT ON SHIPPING LTD., a.k.a. SPOT ON          :
SHIPPING LTD. BVI., a.k.a. SPOT ON, a.k.a
CLAYTON STAR COMPANY LIMITED, a.k.a.           :
CLAYTON STAR, SPOT ON (HONG KONG)
GROUP CORPORATION LTD., SPOT ON                :
(HONG KONG) GROUP LIMITED, SPOT ON
INTERNATIONAL GROUP LIMITED,                   :
SPOT ON HOLDINGS LIMITED, SPOT ON
COMPANY LTD., PEHW ASSET MANAGEMENT            :
LIMITED, PEHW FUND LIMITED,
ZHANGGANG SHIPPING LIMITED and                 :
MARK GAINS HOLDINGS LIMITED,
                                               :
       Defendants.
------------------------------------------------------------X

### SECOND AMENDED AFFIDAVIT OF LAUREN C. DAVIES IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut   )
                       )        ss: Town of Southport
County of Fairfield    )

      LAUREN C. DAVIES, being duly sworn, deposes and says:

      1.     I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANTS ARE NOT PRESENT IN THE DISTRICT

2.  I have attempted to locate the Defendants, SPOT ON SHIPPING LTD. a.k.a. SPOT ON SHIPPING LTD. BVI a.k.a. SPOT ON a.k.a. CLAYTON STAR COMPANY LIMITED, a.k.a. CLAYTON STAR, SPOT ON (HONG KONG) GROUP CORPORATION LTD., SPOT ON (HONG KONG) GROUP LIMITED, SPOT ON INTERNATIONAL GROUP LIMITED, SPOT ON HOLDINGS LIMITD, SPOT ON COMPANY LTD., PEHW ASSET MANAGEMENT LIMITED, PEHW FUND LIMITED, ZHANGGANG SHIPPING LIMITED and MARK GAINS HOLDINGS LIMITED within this District. As part of my investigation to locate the Defendants within this District, I checked the telephone company information directory all area codes within the District, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find a listing for the Defendant. Finally, I checked the New York State Department of Corporations' online database which showed no listing or registration for the Defendants. I was also unable to find any information to indicate that the Defendants have a general or managing agent within the District.

3.  I submit that the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.  Upon information and belief, the Defendants have, or will have during the pendency of this action, tangible and intangible property within the District.

## PRAYER FOR ORDER ALLOWING SPECIAL PROCESS SERVER

5.  Plaintiff seeks an order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Thomas L. Tisdale, Claurisse A. Campanale-Orozco, Lauren

C. Davies or any other partner, associate, paralegal or other agent of TISDALE LAW OFFICES, LLC to serve the Verified Second Amended Complaint, Process of Maritime Attachment and Garnishment, Interrogatories or other process in this action, in addition to the U.S. Marshall to serve the Process of Maritime Attachment and Garnishment and the Verified Second Amended Complaint, together with any Interrogatories, upon the garnishee(s), together with any other garnishee(s) who, based upon information developed subsequent hereto by the Plaintiff, may hold property of, for or on account of the Defendants.

6. Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy an award/judgment ultimately obtained and entered against the Defendants.

7. To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involved a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

**PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES**

8. Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation to be holding, or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the court amended Process seeking simply to identify other garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

9. Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, to authorize service of process via facsimile or e-mail following initial *in personam* service.

10. This is Plaintiff's first request for this relief made to any Court.

Dated: September 25, 2007
Southport, CT

_____
Lauren C. Davies

Sworn and subscribed to before me
this 25 day of September 2007.

_____
Notary Public