UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DEIULEMAR SHIPPING SPA,                          :

        Plaintiff,                               :

  - against -                                      :

SPOT ON SHIPPING LTD., a.k.a. SPOT ON            :            07 CV 03820 (VM)
SHIPPING LTD. BVI., a.k.a. SPOT ON, a.k.a                     ECF CASE
CLAYTON STAR COMPANY LIMITED, a.k.a.             :
CLAYTON STAR, SPOT ON (HONG KONG)
GROUP CORPORATION LTD., SPOT ON                  :
(HONG KONG) GROUP LIMITED, SPOT ON
INTERNATIONAL GROUP LIMITED,                     :
SPOT ON HOLDINGS LIMITED, SPOT ON
COMPANY LTD., PEHW ASSET MANAGEMENT :
LIMITED, PEHW FUND LIMITED,
ZHANGGANG SHIPPING LIMITED and                   :
MARK GAINS HOLDINGS LIMITED,

        Defendants.                              :
-------------------------------------------------------------X

## AFFIDAVIT OF THOMAS L. TISDALE IN SUPPORT OF
## PARTIAL DEFAULT JUDGMENT

STATE OF CONNECTICUT)
              )    ss:    SOUTHPORT
COUNTY OF FAIRFIELD   )

      Thomas L. Tisdale, being duly sworn, deposes and says:

      1.     I am a member of the Bar of this Court and am an attorney with the firm of

Tisdale Law Offices, LLC, attorneys for the Plaintiff, Deiulemar Shipping SPA (hereinafter

"Plaintiff" or "Deiulemar"), in the above-entitled action and I am familiar with all the facts and

circumstances of this action.

2.      I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, and Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

3.      Plaintiff respectfully requests that this Court grant its Motion for Partial Default Judgment against Defendant Zhanggang Shipping Limited (hereinafter "Defendant" or "Zhanggang") as it has been given due and proper notice of all proceedings against it yet has failed to timely appear or otherwise defend in the action.

4.      At all times material to this action, Plaintiff was, and still is, an entity duly organized and existing by virtue of foreign law with a principal place of business in Naples, Italy.

5.      The Defendant is neither incompetent nor an infant.

6.      By way of two Forward Freight Agreements dated February 7, 2007 and March 8, 2007 (hereinafter the "FFAs"), Defendant Spot On agreed to sell and buy freight futures with the Plaintiff.

7.      The FFAs provided for settlement dates of the last day of three contract months: April, May and June of 2007.

8.      Despite due demand for payment, Spot On has failed to remit payment to Plaintiff, in breach of the FFAs.

9.      As a result of Spot On's breach of the FFA contracts, Plaintiff has suffered a loss in the total principal sum of **$2,771,429.30**, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

10.      Pursuant to the FFA contracts, all disputes arising thereunder were to be submitted to the English High Court with English law to apply.

11.     On April 7, 2008, the English High Court rendered a default judgment for

Plaintiff in the amount of **$2,771,429.30**. *See English High Court's Default Judgment for*

*Claimant annexed hereto as Exhibit "1."*

12.     Upon information and belief, Zhanggang is the alter ego of Spot On and Spot On

HK GCL because it dominates and disregards Spot On and Spot On HK GCL's corporate form

to the extent that Zhanggang is actually carrying on Spot On and Spot On HK GCL's business

and operations as if same were its own.

13.     Upon information and belief, Defendant Zhanggang is an alias, or agent of

Defendant Spot On/Spot On HK GCL and/or Spot On/Spot On HK GCL is an alias, or agent of

Zhanggang.

14.     Upon information and belief, Defendants Zhanggang and Spot On/Spot On HK

GCL are commonly beneficially owned, and commonly managed, controlled and dominated, by

the same individuals, including Mrs. Wei-Lu Zhang and Ms. Sammy Yu, and used to carry on

such individuals' own business.

15.     Upon information and belief, Defendant Zhanggang has no separate, independent

identity from Defendant Spot On/ Spot On HK GCL as they use their names interchangeably

with design to fraudulently avoid payment of just debts to their creditors.

16.     In the alternative, Defendant Zhanggang is merely a shell corporation through

which Spot On/Spot On HK GCL conducts its business.

17.     In the further alternative, Defendants Zhanggang and Spot On/Spot On HK GCL

are partners and/or are joint venturers.

18.     This action was commenced on May 15, 2007, by the filing of a Verified

Complaint that included a prayer for an Ex-Parte Order for Process of Maritime Attachment and

Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime

Claims and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8.

19.    On or about June 4, 2007, a Verified Amended Complaint was filed that included

a prayer for an Amended Ex-Parte Order of Maritime Attachment and Garnishment.

20.    On or about September 28, 2007, a Second Amended Complaint was filed that

included a prayer for an Amended Ex-Parte Order of Maritime Attachment and Garnishment.

*See Second Amended Complaint annexed hereto as Exhibit "2."*

21.    Shortly thereafter, the Court issued an Amended Ex-Parte Order of Maritime

Attachment and Garnishment.  The Amended Ex-Parte Order authorized the Plaintiff to attach

Defendant's property up to the sum of $3,498,324.30, located within this judicial district and

belonging to the Defendants.  *See Amended Ex-Parte Order annexed hereto as Exhibit "3."*

22.    The Amended Ex-Parte Order and Process of Maritime Attachment named

garnishee banks believed to have assets due and owing to the Defendant.  The Amended Ex-

Parte Order was served upon the garnishee banks.

23.    Pursuant to the Amended Ex-Parte Order, the garnishee banks served are

currently restraining Defendant Zhanggang's funds in the total amount of $1,007,219.94.

24.    Defendant was given due notice of the instant action before this Court.

25.    On August 15, 2007, Defendant was advised by letter that an order of maritime

attachment had been obtained on Plaintiff's behalf and that pursuant to the same, Defendant's

property was attached at Bank of New York in the sum of $7,219.44.  *See Letter dated August

15, 2007, annexed hereto as Exhibit "4."*

26.    On September 18, 2007, counsel for Defendant was advised by email that an

order of maritime attachment had been obtained on Plaintiff's behalf and that pursuant to the

same, Defendant's property was attached at HSBC in the sum of $1,000,000. *See Email dated September 19, 2007, annexed hereto as Exhibit "5."*

27.    "In Federal Practice, a defendant having been served with process who fails to make timely appearance or answer is subject to judgment by default under Rule 55(a)." *See Danish Fur Breeders Association v. Olga Furs, Inc., Hatzis Bro.s,* 1990 U.S. Dist. LEXIS 4779, at *4 (S.D.N.Y 1990); *see also Fed. R. Civ. P. 55; see also Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95-96 (2d Cir. 1993).

28.    Defendant was given due notice of the instant action before this Court pursuant to Supplemental Admiralty Rule B(2)(b) as Plaintiff properly mailed to the Defendant the verified complaint, summons, and process of attachment using a form of delivery requiring return receipt. Rule B(2)(b) of the Supplemental Rules for Certain Admiralty & Maritime Claims provides as follows:

> (2) Notice to Defendant.  No default judgment may be entered except upon proof-which may be by affidavit- that: (b) the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring return receipt;

*Id.*

29.    Despite the notices provided, Defendant has failed to appear in this action or file a responsive pleading.

30.    Accordingly, as the requirements of Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims have been met, and Defendant has failed to make an appearance, Plaintiff is entitled to default judgment under Rule 55 of the Federal Rules of Civil Procedure.

31.    Defendant, a foreign corporation, is not in the military.

32.    A proposed order granting Plaintiff's Motion for Default Judgment is annexed hereto as *Exhibit "6"*.

33.    As Defendant has failed to appear in this action despite having been provided notice of this action pursuant to Supplemental Admiralty Rule B(2)(b), Plaintiff is entitled to default judgment and an order recognizing and confirming the English Judgment.

Dated: New York, NY
         July 17, 2008

                                        The Petitioner,
                                        DEIULEMAR SHIPPING SPA,

                                        By: _____
                                        Thomas L. Tisdale (TT 5263)
                                        Lauren C. Davies (LD 1980)
                                        TISDALE LAW OFFICES, LLC
                                        11 West 42nd Street, Suite 900
                                        New York, NY 10036
                                        (212) 354-0025 / (212) 869-0067 (fax)
                                        ldavies@tisdale-law.com
                                        ttisdale@tisdale-law.com

Sworn and subscribed to before me
this 17th day of July, 2008.

_____
Notary Public

# EXHIBIT 1

JUDGMENT FOR CLAIMANT (DEFAULT HC)

FORM N30

| Judgment for Claimant (in default) | In the High Court of Justice Queen's Bench Division Commercial Court Royal Courts of Justice | |
|---|---|---|
| **To the Defendant** | **Claim No.** | 2008 Folio 145 |
| Clayton Star Company Ltd (formerly known as Spot On Shipping Ltd) c/- Offshore Incorporations Limited Craigmuir Chambers PO Box 71 Road Town Tortola British Virgin Islands | **Claimant** (including ref.) | Deiulemar Shipping Spa Ref: NJS/HL/762041.00010 |
| | **Defendant** (including ref.) | Clayton Star Company Ltd (formerly known as Spot On Shipping Ltd) |
| | | |

*Seal: SUPREME COURT OF JUDICATURE — 7 APR 2008 — ADMIRALTY & COMMERCIAL REGISTRY*

### To the Defendant

You have not replied to the claim form.

It is therefore ordered that you must pay the Claimant US$2,771,429.30 or the Sterling equivalent at the time of payment and interest to date of judgment and costs in an amount of £1,747.

You must pay to the Claimant

> US$2,771,429.30 plus interest, or the Sterling equivalent at the time of payment, and costs of £1,747

### Warning

If you ignore this order your goods may be removed and sold, or other enforcement proceedings may be taken against you. If this happens further costs will be added. If your circumstances change and you cannot pay, ask at the court office what you can do.

#### Notes for the defendant

If you did reply to the claim form and believe judgment has been entered wrongly in default, you may apply to the court office giving your reasons why the judgment should be set aside. An application form is available for you to use and you will need to pay a fee. A hearing may be arranged and you will be told when and where it will take place. If you live in, or carry on business in, another court's area, the claim may be transferred to that court.

#### Address for payment

Reed Smith Richards Butler LLP
Beaufort House
15 St Botolph Street
London EC3A 7EE
Ref: NJS/HL/762041.00010
Solicitors for the Claimant
Telephone: +44 (20) 7247 6555
Fax: +44 (20) 7247 5091

#### How to pay

Payment(s) must be made to the person named at the address for payment, giving the claimant's reference and claim number
DO NOT bring or send payments to the court – they will not be accepted
You should allow at least 4 days for your payment to reach the claimant or his representative
Make sure that you keep records and can account for all payments made. Proof may be required if there is any disagreement. It is not safe to send cash unless you use registered post

**Request for judgment and reply to Admission (specified amount)**

- Tick box A or B. If you tick box B you must complete the details in that part and in part D. Make sure that all the case details are given. Remember to sign and date the form. Your signature certifies that the information you have given is correct.

- If the defendant has given an address on the form of admission to which correspondence should be sent, which is different from the address shown on the claim form, you must tell the court.

Return the completed form to the court.

| In the High Court of Justice, Queen's Bench Division, Commercial Court | |
|---|---|
| Claim No. | 2008 Folio 145 |
| Claimant (including Ref) | Deiulemar Shipping Spa NJS/HL/762041.00010 |
| Defendant (including ref) | Clayton Star Company Ltd (formerly known as Spot On Shipping Ltd) |

**A** ☒  The defendant has not filed an admission or defence to my claim

Complete all the judgment details at D. Decide how and when you want the defendant to pay. You can ask for the judgment to be paid by instalments or in one payment.

**B** ☐  The defendant admits that all the money is owed

Tick only one box below and complete all the judgment details at D.

☐  I accept the defendant's proposal for payment

Say how the defendant intends to pay. The court will send the defendant an order to pay. You will also be sent a copy.

☐  The defendant has not made any proposal for payment

Say how you want the defendant to pay. You can ask for the judgment to be paid by instalments or in one payment. The court will send the defendant an order to pay. You will also be sent a copy.

☐  I do NOT accept the defendant's proposal for payment

Say how you want the defendant to pay. Give your reasons for objecting to the defendant's offer of payment in the space opposite. (Continue on the back of this form if necessary.) Send this form to the court with defendant's admission 9A. The court will fix a rate of payment and send the defendant an order to pay. You will also be sent a copy.

**C** ☐  Defendant's date of birth is not in the form of reply but is known to the claimant as

[dd/mm/yyyy]

☐ Defendant's date of birth is not stated in the form of reply and is not known to the claimant.

**D  Judgment details**

I would like the judgement to be paid

☒  immediately

☐  by instalments of £[    ] per month

☐  in full by  [    ]

| | |
|---|---|
| Amount of claim as admitted (including interest at date of issue) | US$2,896,657.04 |
| Interest since date of claim (if any) | |
| Period from 12.02.08 to 07.04.08 | US$27,144.70 |
| Rate 6.5% | |
| Court fees | £1,530.00 |
| Solicitor's costs (if any) on issuing claim | £187.00 |
| **Sub Total** (or the Sterling equivalent at the date of payment) | US$2,923,801.74 £1,717.00 |
| Solicitor's costs (if any) on entering judgment | £30.00 |
| **Sub Total** (or the Sterling equivalent at the date of payment) | US$2,923,801.74 £1,747.00 |
| Deduct amount (if any) paid since issue | 0.00 |
| **Amount payable by defendant** (or the Sterling equivalent at the date of payment) | US$2,923,801.74 £1,747.00 |

**I certify that the information given is correct**

Signed _[signature]_

Claimant's Solicitor

Dated  7 April 2008

Position or office held  Solicitor

(if signing on behalf of firm or company)

The court office at
is open between 10 am an [4.00][4.30] pm Monday to Friday. When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number.
© Crown copyright. Reproduced by Reed Smith Richards Butler LLP with the permission of the Controller of Her Majesty's
N225 Request for judgment and reply to Admission (specified amount) (04.06)

2008 Folio 145

IN THE HIGH COURT OF JUSTICE

QUEENS BENCH DIVISION

COMMERCIAL COURT

BETWEEN

DEIULEMAR SHIPPING SpA

Claimant

-and-

CLAYTON STAR COMPANY LTD

(formerly known as "SPOT ON SHIPPING LTD")

Defendant

WITNESS STATEMENT OF

HALANI FRANCES LLOYD

I, Halani Frances Lloyd, of 15 St. Botolph Street, London EC3A 7EE, say as follows:

1    I am a solicitor of the Supreme Court and an Associate employed by Reed Smith Richards Butler LLP, the solicitors for the Claimant. I have the day-to-day conduct of this matter on behalf of the Claimant.

2    I am duly authorised to make this statement on behalf of the Claimant, which I do in support of its request for judgment to be entered against the Defendant in default of an Acknowledgement of Service.

3     The Claim Form was issued by the Court on 12 February 2008. Particulars of Claim were attached to the Claim Form, seeking damages from the Defendant for breach of contract in an amount of US$2,771,429.30, plus interest of US$124,734.20 as at 11 February 2008 and continuing at US$493.54 per day until the date of payment (pursuant to the subject contract), and costs ("**the Debt**").

4     An Order was made by the Court on 14 February 2008, granting the Claimant permission to serve the Claim Form and Particulars of Claim upon the Defendant at its registered office at Offshore Incorporations Limited, Craigmuir Chambers, PO Box 71, Road Town, Tortola, British Virgin Islands. I arranged for the Claim Form and Particulars of Claim to be served at this address by Forbes Hare Barristers and Solicitors. I am instructed that they did so on 27 February 2008 by handing a copy of the papers to a representative of Offshore Incorporations Limited, who gave a written acknowledgment of receipt. A Certificate of Service has been filed with the Court, attaching (amongst other things) this written acknowledgment of receipt.

5     On my calculation, service was effected on 28 February 2008. An Acknowledgment of Service was due to be filed under para 7.3 of CPR Practice Direction 6(b) within 31 days from the date of service of the Claim Form and Particulars of Claim. This period expired on 31 March 2008.

6     To date, neither the Claimant's solicitors nor the Claimant have received any Acknowledgement of Service, Defence, Admission or applications from or on behalf of the Defendant.

7     I am further instructed that the Claimant has not received any monies in payment of the Debt. No monies in payment of the Debt have been received by the Claimant's solicitors.

8     The Claimant respectfully asks that judgment in default of Acknowledgement of Service be entered against the Defendant pursuant to CPR Rules 12.4(1)(a) and 12.4(3), the conditions in CPR Rules 12.3(1) and 12.3(3) having been satisfied.

9    Pursuant to CPR Rule 12.6(1), the Claimant seeks that interest be included in the default judgment on the basis that the Particulars of Claim included the details required by CPR Rule 16.4 and the Claimant's Request for Judgment includes a calculation of the interest claimed for the period from the issue of the Claim Form to the date of the Request for Judgment (13 February 2008 to 7 April 2008).

10   In the event that judgment in default is entered against the Defendant, the Claimant seeks interest on the judgment debt at the statutory rate of 8% per annum until the date of payment.

11   The Claimant seeks fixed costs as set out in the Request for Judgment pursuant to CPR Rules 45.2, 45.4 and 45.5, as well as the fee for filing the Claim Form pursuant to CPR Rule 45.1(3).

The facts set out in this statement are true and correct to the best of my knowledge and belief.

Signed:   ................................

**Halani Frances Lloyd**

Date:     7 April 2008

2008 Folio 145

<u>IN THE HIGH COURT OF JUSTICE</u>

<u>QUEENS BENCH DIVISION</u>

<u>COMMERCIAL COURT</u>

<u>BETWEEN</u>

DEIULEMAR SHIPPING SpA

Claimant

-and-

CLAYTON STAR COMPANY LTD

(formerly known as "SPOT ON

SHIPPING LTD")

Defendant

_____

WITNESS STATEMENT OF

HALANI FRANCES LLOYD

_____

Reed Smith Richards Butler LLP
Beaufort House
15 St Botolph Street
London EC3A 7EE

Ref: NJS/HL/762041.00010
Solicitors for the Claimant

2008 Folio 145

THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

BEFORE

B E T W E E N:

DEIULEMAR SHIPPING SPA

**Claimant**

- and -

CLAYTON STAR COMPANY LTD
(formerly known as SPOT ON SHIPPING LTD)

**Defendant**

---

**(draft) JUDGMENT IN DEFAULT OF ACKNOWLEDGEMENT OF SERVICE**

---

No Acknowledgement of Service having been filed by the Defendant herein, it is this day adjudged that:

1. The Defendant pay the Claimant US$2,771,429.30 or the Sterling equivalent at the time of payment.

2. Pursuant to CPR Rule 12.6(1), the Defendant pay the Claimant interest thereon at 6.5% per annum from the original due dates for payment in an amount of US$151,878.90 as at 7 April 2008 and continuing at an amount of US$493.54 per day until the date of judgment in default, or the Sterling equivalents at the time of payment, together with interest thereon from the date of judgment in default to the date of payment at a rate of 8% per annum.

3.  Pursuant to CPR Rule 45.1, the Defendant pay the Claimant £1,530 in respect of Court fees for issuing the Claim Form.

4.  Pursuant to CPR Rules 45.2, 45.4 and 45.5, the Defendant pay the Claimant's costs in the amount of £217 (comprising fixed commencement costs of £110, plus miscellaneous fixed costs for service of the claim form out of the jurisdiction of £77, plus fixed costs on entry of judgment of £30).

Dated:          April 2008

2008 Folio 145

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

COMMERCIAL COURT


B E T W E E N :


DEIULEMAR SHIPPING SPA

Claimant

-and-

CLAYTON STAR COMPANY LTD
(formerly known as
SPOT ON SHIPPING LTD)
Defendant

---

JUDGMENT IN DEFAULT OF
ACKNOWLEDGEMENT OF SERVICE

---


Reed Smith Richards Butler LLP
Beaufort House
15 St Botolph Street
London  EC3A 7EE

Ref:  NJS/HL/762041.00010
Solicitors for the Claimant

- 3 -

JUDGMENT FOR CLAIMANT (DEFAULT HC)

FORM N30

| Judgment for Claimant (in default) | In the High Court of Justice<br>Queen's Bench Division<br>Commercial Court<br>Royal Courts of Justice | |
|---|---|---|
| **To the Defendant** | **Claim No.** | 2008 Folio 145 |
| Clayton Star Company Ltd (formerly known as Spot On Shipping Ltd)<br>c/- Offshore Incorporations Limited<br>Craigmuir Chambers<br>PO Box 71<br>Road Town<br>Tortola<br>British Virgin Islands | **Claimant**<br>(including ref.) | Deiulemar Shipping Spa<br><br>Ref: NJS/HL/762041.00010 |
| | **Defendant**<br>(including ref.) | Clayton Star Company Ltd (formerly known as Spot On Shipping Ltd) |
| | | |


Seal

### To the Defendant

You have not replied to the claim form.

It is therefore ordered that you must pay the Claimant US$2,771,429.30 or the Sterling equivalent at the time of payment and interest to date of judgment and costs in an amount of £1,747.

You must pay to the Claimant

> US$2,771,429.30 plus interest, or the Sterling equivalent at the time of payment, and costs of £1,747

**Warning**

If you ignore this order your goods may be removed and sold, or other enforcement proceedings may be taken against you. If this happens further costs will be added. If your circumstances change and you cannot pay, ask at the court office what you can do.

**Notes for the defendant**

If you did reply to the claim form and believe judgment has been entered wrongly in default, you may apply to the court office giving your reasons why the judgment should be set aside. An application form is available for you to use and you will need to pay a fee. A hearing may be arranged and you will be told when and where it will take place. If you live in, or carry on business in, another court's area, the claim may be transferred to that court.

**How to pay**

Payment(s) must be made to the person named at the address for payment, giving the claimant's reference and claim number

DO NOT bring or send payments to the court – they will not be accepted

You should allow at least 4 days for your payment to reach the claimant or his representative

Make sure that you keep records and can account for all payments made. Proof may be required if there is any disagreement. It is not safe to send cash unless you use registered post

**Address for payment**

Reed Smith Richards Butler LLP
Beaufort House
15 St Botolph Street
London EC3A 7EE
Ref: NJS/HL/762041.00010
Solicitors for the Claimant
Telephone: +44 (20) 7247 6555
Fax: +44 (20) 7247 5091

# EXHIBIT 2

TISDALE LAW OFFICES
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:    (212) 354-0025
Fax:    (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------- -------------------------------------------X

DEIULEMAR SHIPPING SPA,                                    :

             Plaintiff,                              :       07 CV 03820 (VM)

    - against -                                         :       ECF CASE

SPOT ON SHIPPING LTD., a.k.a. SPOT ON             :
SHIPPING LTD. BVI., a.k.a. SPOT ON, a.k.a.
CLAYTON STAR COMPANY LIMITED, a.k.a.              :
CLAYTON STAR, SPOT ON (HONG KONG)
GROUP CORPORATION LTD., SPOT ON                   :
(HONG KONG) GROUP LIMITED, SPOT ON
INTERNATIONAL GROUP LIMITED,                      :
SPOT ON HOLDINGS LIMITED, SPOT ON
COMPANY LTD., PEHW ASSET MANAGEMENT :
LIMITED, PEHW FUND LIMITED,
ZHANGGANG SHIPPING LIMITED and                    :
MARK GAINS HOLDINGS LIMITED,
                                 :

             Defendants.
------------------------- -------------------------------------------X

## VERIFIED SECOND AMENDED COMPLAINT

      The Plaintiff, DEIULEMAR SHIPPING SPA (hereinafter "Plaintiff"), by its attorneys,

Tisdale Law Offices, as and for its Verified Second Amended Complaint against the Defendant

SPOT ON SHIPPING LTD. a.k.a. SPOT ON SHIPPING LTD. BVI a.k.a. SPOT ON (hereinaft

"Spot On") a.k.a CLAYTON STAR COMPANY LIMITED, a.k.a. CLAYTON STAR

(hereinafter "Clayton Star"), SPOT ON (HONG KONG) GROUP CORPORATION LTD.

(hereinafter "Spot On HK GCL"), SPOT ON (HONG KONG) GROUP LIMITED (hereinafter

"Spot On HK (IL"), SPOT ON INTERNATIONAL GROUP LIMITED (hereinafter "Spot On

Int'l"), SPOT ON HOLDINGS LIMITED (hereinafter "Spot On HL"), SPOT ON COMPANY

LTD. (hereinafter "Spot On CL"), PEHW ASSET MANAGEMENT LIMITED (hereinafter

"Pehw Asset"), PEHW FUND LIMITED (hereinafter "Pehw Fund"), ZHANGGANG

SHIPPING LIMITED (hereinafter "Zhanggang") and MARK GAINS HOLDINGS LIMITED

(hereinafter "Mark Gains Holdings")(collectively referred to as "Defendants"), allege, upon

information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Federal Rule of

Civil Procedure 9(h) and 28 United States Code § 1333.

2.    At all material times, Plaintiff was and still is an entity duly organized and

existing by virtue of foreign law with a principle place of business in Naples, Italy.

3.    Upon information and belief, at all material times, Defendant Spot On was and

still is an entity duly organized and existing by virtue of foreign law with a principal place of

business in Wanchai, Hong Kong with an address of Suites 1818-1823 18th Floor Sun Hung Ka

Centre, 30 Harbour Road, Wanchai Hong Kong and a registered address at Craigmuir Chamber

PO Box 71, Road Town, Tortola, BVI.

4.    Upon information and belief, at all material times, Defendant Spot On HK GCL

was and still is an entity duly organized and existing by virtue of foreign law with a principal

place of business in Wanchai, Hong Kong with an address of Suites 1818-1823 18th Floor Sun

Hung Kai Centre, 30 Harbour Road, Wanchai Hong Kong.

5.    Upon information and belief, at all material times, Defendant Spot On HK GL

was and still is an entity duly organized and existing by virtue of foreign law with a principal

2

place of business in Wanchai, Hong Kong.

6.     Upon information and belief, at all material times, Defendant Spot On Int'l was and still is an entity duly organized and existing by virtue of foreign law with an address in the British Virgin Islands located at Craigmuir Chambers, PO Box 71, Road Town, Tortola, BVI.

7.     Upon information and belief, at all material times, Defendant Spot On HL was and still is an entity duly organized and existing by virtue of foreign law with a principal place f business in the British Virgin Islands at PO Box 957, Offshore Incorporations Centre, Road Town, Tortola, BVI.

8.     Upon information and belief, at all material times, Defendant Spot On CL was and still is an entity duly organized and existing by virtue of foreign law with a principal place business in Qingdao, China.

9.     Upon information and belief, at all material times, Defendant Pehw Asset was and still is an entity duly organized and existing by virtue of foreign law.

10.    Upon information and belief, at all material times, Defendant Pehw Fund was and still is an entity duly organized and existing by virtue of foreign law.

11.    Upon information and belief, at all material times, Defendant Zhanggang was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Hong Kong.

12.    Upon information and belief, at all material times, Defendant Mark Gains Holdings was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in the British Virgin Islands located at PO Box 957, Offshore Incorporations Centre, Road Town, Tortola, BVI.

3

13.    Upon information and belief, Spot On notified the Plaintiff on or about March 3 2007 by email that its name had changed and that "Spot On Shipping Limited ("The Company' has been acquired at 100% equity by PEHW Asset Management Limited, which is a subsidiary company under PEHW Fund Limited. So the operation of The Company should be named as "PEHW Asset Management Limited" afterwards, which is also the official name for the purpos of ffa contract.'

14.    Upon information and belief, Pehw Asset notified the Plaintiff on or about May 2007 by email that the name and contact details of "Spot On Shipping Limited, BVI" had been changed to "Clayton Star Company Limited." As such, Clayton Star is a name by which Spot On is also known.

15.    By way of two Forward Freight Agreements dated February 7, 2007 and March 2007 (hereinafter the "FFAs"), Defendant Spot On agreed to sell and buy freight futures with th Plaintiff.

16.    The FFAs provided for settlement dates of the last day of three contract months: April, May and June of 2007.

17.    Despite due demand for payment, Spot On has failed to remit payment to Plainti in breach of the FFAs.

18.    As a result of Spot On's breach of the FFA contracts, Plaintiff has suffered a loss in the total principal sum of **$2,771,429.10**, as best can now be estimated, exclusive of interest, recoverable cost and reasonable attorneys fees.

19.    Pursuant to the FFA contracts all disputes arising thereunder are to be submitted to the English High Court with English law to apply.

4

20.    Plaintiff is currently preparing to commence litigation against Spot On in the English High Court on its claims as described hereinabove.

21.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in English High Court proceedings conducted pursuant to English Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts:

|  |  |  |  |
|---|---|---|---|
| A. | Principal claim: |  | $2,771,429.10; |
|  | Feb. 7 2007 FFA: (Invoice 171) | $530,769.67 |  |
|  | Feb. 7 2007 FFA: (Invoice 222) | $710,231.77 |  |
|  | Feb. 7, 2007 FFA: (Invoice 274) | $383,588.21 |  |
|  | Mar. 8, 2007 FFA: (Invoice 168) | $373,269.67 |  |
|  | Mar. 8, 2007 FFA: (Invoice 224) | $547,481.77 |  |
|  | Mar. 8, 2007 FFA: (Invoice 276) | $226,088.21 |  |
| B. | Estimated interest on the principal claims at 6.5% for three years: |  | $ 576,895.29; and |
| C. | Attorneys' fees and other recoverable costs: |  | $150,000.00 |

Total:                                                                          **$3,498,324.30**

22.    Upon information and belief, Spot On HK GCL is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On HK GCL is actually carrying on Spot On's business and operations as if same were its own.

23.    Upon information and belief, Defendant Spot On HK GCL is an alias, or agent of

5

Defendant Spot On and/or Spot On is an alias, or agent of Spot On HK GCL.

24.    Upon information and belief, Defendants Spot On HK GCL and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business. Further, the Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

25.    Upon information and belief, Spot On HK GCL is controlled by Ms. Wei-lu Zhang, Spot On Int'l and Mark Gains Holdings.

26.    Upon information and belief, Defendant Spot On HK GCL has no separate, independent identity from Defendant Spot On as they are separately incorporated for the purpose of fraudulently avoid payment of just debts to their creditors.

27.    In the alternative, Defendant Spot On HK GCL is merely a shell corporation through which Spot On conducts its business.

28.    In the further alternative, Defendants Spot On HK GCL and Spot On are partners and/or are joint venturers.

29.    In the further alternative, Defendants Spot On HK GCL and Spot On are affiliate companies such that the Defendant Spot On HK GCL is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

30.    Upon information and belief, Spot On Int'l is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On Int'l is actually carrying on Spot On's business and operations as if same were its own.

31.    Upon information and belief, Defendant Spot On Int'l is an alias, or agent of Defendant Spot On and/or Spot On is an alias, or agent of Spot On Int'l.

6

32.    Upon information and belief, Defendants Spot On Int'l and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the sam individuals, and used to carry on such individuals' own business. Further, these Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

33.    Upon information and belief, Defendants Spot On Int'l and Spot on share the same registered address of: Craigmuir Chambers, PO Box 71, Road Town, Tortola, BVI.

34.    Upon information and belief, Defendant Spot On Int'l has no separate, independent identity from Defendant Spot On as they use their names interchangeably with design to fraudulently avoid payment of just debts to their creditors.

35.    In the alternative, Defendant Spot On Int'l is merely a shell corporation through which Spot On conducts its business.

36.    In the further alternative, Defendants Spot On Int'l and Spot On are partners and/or are joint venturers.

37.    In the further alternative, Defendants Spot On Int'l and Spot On are affiliated companies such that the Defendant Spot On Int'l is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

38.    Upon information and belief, Mark Gains Holdings is the alter ego of Spot On and Spot On Int'l because it dominates and disregards Spot On/Spot On Int'l's corporate form to the extent that Mark Gains Holdings is actually carrying on Spot On/Spot On Int'l's business an operations as if same were its own.

39.    Upon information and belief, Defendant Mark Gains Holdings is an alias, or agen of Defendants Spot On/Spot On Int'l and/or Spot On/Spot On Int'l is an alias, or agent of Mark

7

Gains Holdings.

40.     Upon information and belief, Defendants Mark Gains Holdings and Spot On/Spot On Int'l are commonly beneficially owned, and commonly managed, controlled and dominated by the same individuals, and used to carry on such individuals' own business.

41.     Upon information and belief, Defendants Mark Gains Holdings and Spot On Int have the same address at PO Box 957, Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands.

42.     Upon information and belief, Mark Gains Holdings succeeded Spot On Int'l as a director of Spot On HK GCL on or about May 14, 2007.

43.     Upon information and belief, Defendant Mark Gains Holdings has no separate, independent identity from Defendants Spot On/Spot On Int'l as they use their names interchangeably with design to fraudulently avoid payment of just debts to their creditors.

44.     In the alternative, Defendant Mark Gains Holdings is merely a shell corporation through which Spot On/Spot On Int'l conducts its business.

45.     In the further alternative, Defendants Mark Gains Holdings and Spot On/Spot On Int'l are partners and/or are joint venturers.

46.     In the further alternative, Defendants Mark Gains Holdings and Spot On/Spot On Int'l are affiliated companies such that the Defendant Mark Gains Holdings is now, or will soon be, holding assets belonging to Defendants Spot On/Spot On Int'l and vice versa.

47.     Upon information and belief, Spot On HK GL is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On HK GL is actually carrying on Spot On's business and operations as if same were its own.

8

48. Upon information and belief, Defendant Spot On HK GL is an alias, or agent of Defendant Spot On and/or Spot On is an alias, or agent of Spot On HK GL.

49. Upon information and belief, Defendants Spot On HK GL and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the sam individuals, and used to carry on such individuals' own business. Further, these Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

50. Upon information and belief, Defendants Spot On HK GL and Spot On share the same registered address of: Craigmuir Chambers, PO Box 71, Road Town, Tortola, BVI.

51. Upon information and belief, Defendant Spot On HK GL has no separate, independent identity from Defendant Spot On as they use their names interchangeably with design to fraudulently avoid payment of just debts to their creditors.

52. In the alternative, Defendant Spot On HK GL is merely a shell corporation through which Spot On conducts its business.

53. In the further alternative, Defendants Spot On HK GL and Spot On are partners and/or are joint venturers.

54. In the further alternative, Defendants Spot On HK GL and Spot On are affiliated companies such that the Defendant Spot On HK GL is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

55. Upon information and belief, Spot On HL is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On HL is actually carrying on Spot On's business and operations as if same were its own.

56. Upon information and belief, Defendant Spot On HL is an alias, or agent of

9

Defendant Spot On and/or Spot On is an alias, or agent of Spot On HL.

57.    Upon information and belief, Defendants Spot On HL and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business. Further, the Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

58.    Upon information and belief, Spot On HL is controlled by Ms. Wei-lu Zhang, Spot On Int'l and Mark Gains Holdings.

59.    Upon information and belief, Defendant Spot On HL has no separate, independent identity from Defendant Spot On as they are separately incorporated for the purpose of fraudulently avoid payment of just debts to their creditors.

60.    In the alternative, Defendant Spot On HL is merely a shell corporation through which Spot On conducts its business.

61.    In the further alternative, Defendants Spot On HL and Spot On are partners and/ or are joint venturers.

62.    In the further alternative, Defendants Spot On HL and Spot On are affiliated companies such that the Defendant Spot On HL is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

63.    Upon information and belief, Spot On CL is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Spot On CL is actually carrying on Spot On's business and operations as if same were its own.

64.    Upon information and belief, Defendant Spot On CL is an alias, or agent of Defendant Spot On and/or Spot On is an alias, or agent of Spot On CL.

10

65.    Upon information and belief, Defendants Spot On CL and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business.

66.    Upon information and belief, Spot On CL is controlled by Ms. Wei-lu Zhang, Spot On Int'l and Mark Gains Holdings.

67.    Upon information and belief, Defendant Spot On CL has no separate, independent identity from Defendant Spot On as Spot On CL is an "unincorporated business liason office" that exists for the purpose of fraudulently avoid payment of just debts to their creditors.

68.    In the alternative, Defendant Spot On CL is merely a shell corporation through which Spot On conducts its business.

69.    In the further alternative, Defendants Spot On CL and Spot On are partners and/ or are joint venturers.

70.    In the further alternative, Defendants Spot On CL and Spot On are affiliated companies such that the Defendant Spot On CL is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

71.    Upon information and belief, Pehw Asset and Pehw Fund are the alter egos of Spot On because they dominate and disregard Spot On's corporate form to the extent that Pehw Asset and/or Pehw Fund is actually carrying on Spot On's business and operations as if same were its own.

72.    Upon information and belief, Defendant Pehw Asset and/or Pehw Fund are aliases, or agents of Defendant Spot On and/or Spot On is an alias, or agent of Pehw Asset and/or Pehw Fund.

11

73.    Upon information and belief, Defendants Pehw Asset, Pehw Fund and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business.

74.    Upon information and belief, Defendant Pehw Asset and/or Pehw Fund have no separate, independent identity from Defendant Spot On as they conduct their business with design to fraudulently avoid payment of just debts to their creditors.

75.    In the alternative, Defendants Pehw Asset and Pehw Fund are merely shell corporations through which Spot On conducts its business.

76.    In the further alternative, Defendants Pehw Asset, Pehw Fund and Spot On are partners and/or are joint venturers.

77.    In the further alternative, Defendants Pehw Asset, Pehw Fund and Spot On are affiliated companies such that the Defendants Pehw Asset and Pehw Fund are now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

78.    Upon information and belief, Zhanggang is the alter ego of Spot On and Spot On HK GCL because it dominates and disregards Spot On and Spot On HK GCL's corporate form to the extent that Zhanggang is actually carrying on Spot On and Spot On HK GCL's business and operations as if same were its own.

79.    Upon information and belief, Defendant Zhanggang is an alias, or agent of Defendant Spot On/Spot On HK GCL and/or Spot On/Spot On HK GCL is an alias, or agent of Zhanggang.

80.    Upon information and belief, Defendants Zhanggang and Spot On/Spot On HK GCL are commonly beneficially owned, and commonly managed, controlled and dominated, by

12

the same individuals, including Mrs. Wei-Lu Zhang and Ms. Sammy Yu, and used to carry on

such individuals' own business.

81.    Upon information and belief, Defendant Zhanggang has no separate, independent

identity from Defendant Spot On/ Spot On HK GCL as they use their names interchangeably

with design to fraudulently avoid payment of just debts to their creditors.

82.    In the alternative, Defendant Zhanggang is merely a shell corporation through

which Spot On/Spot On HK GCL conducts its business.

83.    In the further alternative, Defendants Zhanggang and Spot On/Spot On HK GCL

are partners and/or are joint venturers.

84.    In the further alternative, Defendants Zhanggang and Spot On/Spot On HK GCL

are affiliated companies such that the Defendant Zhanggang is now, or will soon be, holding

assets belonging to Defendant Spot On/Spot On HK GCL and vice versa.

85.    The Defendants cannot be found within this District within the meaning of Rule

of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of

Civil Procedure, but, upon information and belief, Defendants have, or will have during the

pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express

Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank,

J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are believed to

be due and owing to the Defendants.

86.    The Plaintiff seeks an order from this Court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

13

Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

A.      That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Second Amended Complaint;

B.      That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$3,498,324.30** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Second Amended Complaint;

C.      That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be

14

initiated in the future, including any appeals thereof; and

E.    That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: September 25, 2007
       New York, NY

The Plaintiff,
DEIULEMAR SHIPPING SPA,

By:

Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

15

## ATTORNEY VERIFICATION

State of Connecticut )
                     )      ss: Town of Southport
County of Fairfield  )

1.    My name is Lauren C. Davies.

2.    I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3.    I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4.    I have read the foregoing Verified Second Amended Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5.    The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6.    The source of my knowledge is information and records furnished to me by the Plaintiff and its solicitors, all of which I believe to be true and accurate.

Dated: September 25, 2007
       Southport, CT

_____
Lauren C. Davies

16

# EXHIBIT 1

Torre del Greco 30/04/2007

Messers
Spot on shipping ltd
Hong Kong

C/o    SSY Futures Ltd
1 Portsoken Street
London E1 8PH

| | Invoice n° | 171 |
|---|---|---|

At your debit for: Ref.          Contract date    07/02/07

| Contract rate (fixed price): | | 62.000,00 | usd |
|---|---|---|---|
| Settlement price: | apr-07 | 97.384,6447 | usd |
| Difference rate: | | 35.384,6447 | usd |

TOTAL DUE :        35.384,6447    x 15 =    530.769,67  usd

| Imponibili | Imp. IVA | Esenzione |
|---|---|---|
| 530.769,67 | | F.C. Iva ex art.2 com.3 |

| Total Invoice |
|---|
| $530.769,67 |
| € 390.128,39 |

Which please remit on follows Owners' bank account:
Bank: Monte dei Paschi di Siena          Swift: PASCITMM          Abi: 01030      Cab: 40360
Account N° : 9870
Correspondent Bank: Wachovia Bank          Swift: PNBPUS3N
Beneficiary: Deiulemar Shipping SpA

At exchange rate of:$      1,3605

DEIULEMAR Shipping S.p.A. - Società con Unico Socio
Società soggetta a direzione e coordinamento di "POSEIDON International S.A."
Sede Legale: Via G. Marconi, 26 - 80059 Torre del Greco (NA) - ITALY - Phone: +39 081 3580811 - Fax +39 081 3580866
R.E.A. N. 732852 - P. IVA, Cod. Fisc. e N. d'iscrizione al Registro delle Imprese di Napoli: 02793450541 - Cap. Soc. € 10.000.000,00 int. vers.

SHIPPING

. *Torre del Greco 31/05/2007*

*Messers* . .
Spot on shipping ltd
Hong Kong

C/o    SSY Futures Ltd
1 Portsoken Street
London E1 8PH

| | Invoice n° | 222 |
|---|---|---|

At your debit for: Ref.         -    Contract date    07/02/07

Contract rate (fixed price):          62.000,00    usd

Settlement price:         mag-07    107.821,4048  usd

Difference rate:             45.821,4048   usd

TOTAL DUE :     45.821,4048   x 15,5  =   710.231,77  usd

| Imponibili | Imp. IVA | Esenzione |
|---|---|---|
| 710.231,77 | | F.C. Iva ex art.2 com.3 |

| Total Invoice |
|---|
| $710.231,77 |
| € 527.935,61 |

Which please remit on follows Owners' bank account:
Bank: Monte dei Paschi di Siena          Swift: PASCITMM          Abi: 01030     Cab: 40300
Account N° : 9370          IBAN: IL 15 J 0103040300 000000009370
Correspondent Bank: Wachovia Bank          Swift: PNBPUS3N
Beneficiary: Delulemar Shipping SpA

At exchange rate of $        1,3453

DEIULEMAR Shipping S.p.A. - Società con Unico Socio.
Società soggetta a direzione e coordinamento di "POSEIDON International S.A."
Sede Lega : Via G. Marconi, 26 - 80059 Torre del Greco (NA) - ITALY - Phone: +39 081 3580811 - Fax +39 081,3580866
R.E.A N 732852 - P. VA. Cod. Fisc. e N.

*Torre del Greco 30/04/2007*

*Messers*
Spot on shipping ltd
Hong Kong

C/o.   SSY Futures Ltd.
1 Portsoken Street
London E1 8PH

| | Invoice n° | 168 | |
|---|---|---|---|

At your debit for: Ref.           **Contract date**   08/03/07

Contract rate (fixed rice):           **72.500,00**   usd

Settlement price:        apr-07    **97.384,6447**   usd

Difference rate:                 **24.884,6447**   usd

**TOTAL DUE :**        24.884,6447    x 15 =    **373.269,67**   usd

| Imponibili | Imp. IVA | Esenzione |
|---|---|---|
| 373.269,67 | | F.C. Iva ex art.2 com.3 |

| Total Invoice |
|---|
| $373,269,67 |
| € 274.362,12 |

| Which please remit on folk ws Owners' bank account. | | | |
|---|---|---|---|
| Bank: Monte del Paschi di Siena | Swift: PASCITMM | Abi: 01030 | Cab: 40300 |
| Account N° : 9370 | | | |
| Correspondent Bank: Wacovia Bank | Swift: PNBPUS3N | | |
| Beneficiary: Deiulemar Shipping SpA | | | |

At exchange rate of $           1,3605

DEIULEMAR Shipping S.p.A. - Società con Unico Socio
Società soggetta a direzione e coordinamento di "POSEIDON International S.A."
Sede Legale: Via G. Marconi, 26 - 80059 Torre del Greco (NA) - ITALY - Phone: +39 081 3580811 - Fax +39 081.3580866
R.E.A. N. 732852 - P. IVA, Cod. Fisc. e N. d'iscrizione al Registro delle Imprese di Napoli: 02793450541 - Cap. Soc. € 10.000.000,00 int. vers.

SHIPPING

Torre del Greco 31/05/2007

Messers
Spot on shipping ltd
Hong Kong

C/o    SSY Futures Ltd
1 Portsoken Street
London E1-8PH

| | Invoice n° | 224 |
|---|---|---|

**At your debit for: Ref.**    -    **Contract date** 08/03/07

Contract rate (fixed price):    **72.500,00**    usd

Settlement price:    mag-07    107.821,4048    usd

Difference rate:    **35.321,4048**    usd

TOTAL DUE :    35.321,4048    x 15,5  =    **547.481,77**  usd

| Imponibili | Imp. I.A | Esenzione |
|---|---|---|
| 547.481,77 | | F.C. Iva ex art.2 com.3 |

| Total Invoice |
|---|
| $547.481,77 |
| € 406.958,87 |

| Which please remit on follows Owners' bank account: |
|---|
| Bank: Monte dei Paschi di Siena    Swift: PASCITMM    Abi: 01030    Cab: 40300 |
| Account N° : 9370 |
| Correspondent Bank: Wachovia Bank    Swift: PNBPUS3N |
| Beneficiary: Deiulemar Shipping SpA |

At exchange rate of $    1,3453

DEIULEMAR Shipping S.p.A. - Società con Unico Socio
Società soggetta a direzione e coordinamento di "POSEIDON International S.A."
Sede Legale Via G. Marconi, 26 - 80059 Torre del Greco (NA) - ITALY - Phone +39 081 3580811 - Fax +39 081.3580866
R.E.A. N. 732852 - P. IVA, Cod. Fisc. e N. d'iscrizione al Registro delle Imprese di Napoli: 02793450541 - Cap. Soc. € 10.000.000,00 int. vers.



SHIPPING

Torre del Greco 29/06/2007

*Messers*
Spot on shipping ltd
Hong Kong

C/o      SSY Futures Ltd
1 Portsoken Street
London E1 8PH

|  | Invoice n° | 276 |
|---|---|---|

At your debit for: Ref.          Contract date    08/03/07

Contract rate (fixed price):        72.500,00    usd

Settlement price:        giu-07      87.572,5476    usd

Difference rate:          15.072,5476    usd


TOTAL DUE :        15.072,5476    x 15 =    226.088,21    usd

| Imponibili | Imp. IVA | Esenzione |
|---|---|---|
| 226.088,21 |  | F.C. Iva ex art.2 com.3 |

| Total Invoice |
|---|
| $226.088,21 |
| € 167.410,75 |

Which please remit on follows Owners' bank account:
Bank: Monte dei Paschi di Siena        Swift: PASCITMM        Abi: 01030        Cab: 40300
Account N° : 9370        IBAN: It 15 J 0103040300 000000009370
Correspondent Bank: Wachovia Bank        Swift: PNBPUS3N
Beneficiary: Deiulemar Shipping SpA

At exchange rate of $        1,3505

DEIULEMAR Shipping S.p.A. - Società con Unico Socio
Società soggetta a direzione e coordinamento di "POSEIDON International S.A."
Sede Legale . Via G. Marconi, 26 - 80059 Torre del Greco (NA) - ITALY - Phone +39 081 3580811 - Fax +39 081.3580866
R.E.A. N. 732852 - P. I/ Cod. Fisc. e N. Iscrizione al Registro delle...


SHIPPING

Torre del Greco 29/06/2007

**Messers**
Spot on shipping ltd
Hong Kong

C/o ·   SSY Futures Ltd
1 Portsoken Street
London E1 8PH

| Invoice n° | 274 |
|---|---|

At your debit for: Ref.    –    Contract date   07/02/07

Contract rate (fixed price):              62.000,00   usd

Settlement price:          glu-07     87.572,5476   usd

Difference rate:                          25.572,5476   usd

TOTAL DUE :          25.572,5476     x 15  =    383.588,21   usd

| Imponibili | Imp. IVA | Esenzione | Total Invoice |
|---|---|---|---|
| 383.588,21 | | F.C. iva ex art.2 com.3 | $383.588,21 |
| | | | € 284.034,22 |

Which please remit on following Owners' bank account:
Bank: Monte dei Paschi di Siena      Swift: PASCITMM      Abi: 01030      Cab: 40300
Account.N° : 9370                          IBAN: IT 15 J 0103040300 000000009370
Correspondent Bank: Wachovia Bank      Swift: PNBPUS3N
Beneficiary: Deiulemar Shipping SpA

At exchange rate of $          1,3505

DEIULEMAR Shipping S.p.A. - Società con Unico Socio
Società soggetta a direzione e coordinamento di "POSEIDON International S.A."
Sede Legale: Via G. Marconi, 26 - 80059 Torre del Greco (NA) - ITALY - Phone: +39 081 3580811 – Fax +39 081 3580866

# EXHIBIT 3

*Docket no. 07 CV 3820 (VM)*

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) - GREETINGS:

WHEREAS a Verified Second Amended Complaint has been filed in the United States District Court for the Southern District of New York on the ___ day of September 2007 by

DEIULEMAR SHIPPING SPA,
Plaintiff,

against

SPOT ON SHIPPING LTD. a.k.a. SPOT ON SHIPPING LTD. BVI a.k.a. SPOT ON, a.k.a. CLAYTON STAR COMPANY LIMITED a.k.a. CLAYTON STAR, SPOT ON (HONG KONG) GROUP CORPORATION LTD., SPOT ON (HONG KONG) GROUP LIMITED, SPOT ON INTERNATIONAL GROUP LIMITED, SPOT ON HOLDINGS LIMITED, SPOT ON COMPANY LTD., PEHW ASSET MANAGEMENT LIMITED, PEHW FUND LIMITED, ZHANGGANG SHIPPING LIMITED and MARK GAINS HOLDINGS LIMITED, Defendants,

in a certain action for breach of maritime contracts and indemnity wherein it is alleged that there is due and owing from the Defendants to the said Plaintiff the amount of $3,498,324.30 and praying for process of maritime attachment and garnishment against the said Defendants,

WHEREAS, this process is issued pursuant to such prayer and requires that a garnishee(s) shall serve their answer(s), together with answers to any interrogatories served with the Complaint, within 20 days after service of process upon him and requires that Defendants shall serve their respective answers within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendants cannot be found within the District you attach goods and chattels to the amount sued for; and if such property cannot be found that you attach other property, credit and effects to the amount sued for in the hands of:

ABN AMRO, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A, Barclays Bank, Calyon, Chang Hwa Commercial Bank, Ltd., Chinatrust Commercial Bank, Ltd., and/or Bank of China,

to wit: property, letters of credit, deposits, funds, credits, bills of lading, debts, settlement agreements, or other assets, tangible or intangible, in whatever form of:

SPOT ON SHIPPING LTD. a.k.a. SPOT ON SHIPPING LTD. BVI a.k.a. SPOT ON, a.k.a. CLAYTON STAR COMPANY LIMITED a.k.a. CLAYTON STAR, SPOT ON (HONG KONG) GROUP CORPORATION LTD., SPOT ON (HONG KONG) GROUP LIMITED, SPOT ON INTERNATIONAL GROUP LIMITED, SPOT ON HOLDINGS LIMITED, SPOT ON COMPANY LTD., PEHW ASSET MANAGEMENT LIMITED, PEHW FUND LIMITED, ZHANGGANG SHIPPING LIMITED and MARK GAINS HOLDINGS LIMITED,

and that you promptly after execution of this process, file the same in this court with your return thereon.

WITNESS, the Honorable Kimba M. Wood, Chief Judge of said Court, this 2__ day of September 2007, and of our Independence the two hundred and thirty-first.

Tisdale Law Offices
Attorneys for Plaintiff
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025

J. MICHAEL McMAHON
Clerk

By: _____
Deputy Clerk

J. MICHAEL McMAHON,

CLERK

*NOTE: This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and/or New York Civil Practice Law and Rules, Article 62.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DEIULEMAR SHIPPING SPA,                                :

          Plaintiff,                                :    07 CV 03820 (VM)

    - against -                                :    ECF CASE

SPOT ON SHIPPING LTD., a.k.a. SPOT ON    :
SHIPPING LTD. BVI., a.k.a. SPOT ON, a.k.a
CLAYTON STAR COMPANY LIMITED, a.k.a.    :    **AMENDED EX PARTE ORDER**
CLAYTON STAR, SPOT ON (HONG KONG)    .    **FOR PROCESS OF**
GROUP CORPORATION LTD., SPOT ON    :    **MARITIME ATTACHMENT**
(HONG KONG) GROUP LIMITED, SPOT ON
INTERNATIONAL GROUP LIMITED,    :
SPOT ON HOLDINGS LIMITED, SPOT ON
COMPANY LTD., PEHW ASSET MANAGEMENT :
LIMITED, PEHW FUND LIMITED,
ZHANGGANG SHIPPING LIMITED and    :
MARK GAINS HOLDINGS LIMITED,

                 :

          Defendants.                                :

-------------------------------------------------------------X

    **WHEREAS**, on September 25, 2007 Plaintiff, DEIULEMAR SHIPPING SPA., filed an

Verified Second Amended Complaint herein for damages amounting to **$3,498,324.30** inclusive

of interest, costs and reasonable attorney's fees, and praying for the issuance of Process of

Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules

for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

    **WHEREAS**, the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of the

Defendant's property within the District of this Court; and

    **WHEREAS**, the Court has reviewed the Verified Second Amended Complaint and the

Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it

is hereby

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/07

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this District, including but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, Wachovia Bank, Barclays Bank, Calyon, Chang Hwa Commercial Bank, Ltd., Chinatrust Commercial Bank Ltd. and/or Bank of China, in an amount up to and including **$3,498,324.30** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, and this Order, may be made by way of fax transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee

may consent, in writing, to accept service by any other means; and it is further

    **ORDERED** that a copy of this Order be attached to and served with said Process of

Maritime Attachment and Garnishment.

Dated: September 27, 2007

**SO ORDERED:**

U. S. D. J.    **Victor Marrero**

A CERTIFIED COPY
J. MICHAEL McMAHON,    CLERK

BY _____
DEPUTY CLERK

# EXHIBIT 4

11 WEST 42ND STREET, SUITE 900
NEW YORK, NY 10036
(212) 354-0025
FAX: (212) 869-0067

# TISDALE
## LAW OFFICES, LLC

10 SPRUCE STREET
SOUTHPORT, CT 06890
(203) 254-8474
FAX: (203) 254-1641

TL@TISDALE-LAW.COM

*New York, NY · Southport, CT*

WWW.TISDALE-LAW.COM

August 15, 2007

***Via U.S. Mail, Certified, Return Receipt***
Zhanggang Shipping Ltd.
Unit 5, 31F Office Tower
Convention Plaza
1 Harbour Road
Wanchai, Hong Kong

**Re:** **BRAVE BULK TRANSPORT LTD v. SPOT ON SHIPPING LTD.
a.k.a. SPOT ON SHIPPING BVI a.k.a. SPOT ON a.k.a. CLAYTON
STAR COMPANY LTD. a.k.a. CLAYTON STAR and PEHW
ASSET MANAGEMENT LIMITED a.k.a. PEHW ASSET
MANAGEMENT LTD.**
**07 Civ. 4546**
**Our Ref.: 07-99-1698**

**Re:** **DEIULEMAR SHIPPING SPA v. SPOT ON SHIPPING LTD. a.k.a.
SPOT ON SHIPPING BVI a.k.a. SPOT ON**
**07 Civ. 3820**
**Our Ref.: 07-99-1694**

Dear Sir or Madam:

We represent the Plaintiffs in the above referenced lawsuits. We write to advise you that pursuant to an ex parte order of maritime attachment and garnishment issued in the above referenced lawsuit, your property was attached at Bank of New York on or about August 14, 2007 in the sum of $. 7,219.44.

Please find attached to this letter all pleadings filed in the above referenced lawsuit including, but not limited to, the Complaint. If you have any questions or concerns, please contact us at your convenience. This letter is sent pursuant to Local Rule B.2 of the Local Rules for the United States District Court for the Southern District of New York.

Kind regards,

Lauren C. Davies

/Enclosures

*16 94*

| Registered No. | | | Date Stamp |
|---|---|---|---|

RE201988745US

File #1694

| Reg. Fee | $10.15 | | | 0490 |
|---|---|---|---|---|
| Handling Charge | $0.00 | Return Receipt | $2.15 | 07 |
| Postage | $8.65 | Restricted Delivery | $0.00 | 08/16/07 |
| Received by | | | | |

Domestic Insurance up to $25,000 is included in the fee. International Indemnity is limited. (See Reverse).

Customer Must Declare Full Value $0.00

☐ With Postal Insurance
☐ Without Postal Insurance

OFFICIAL USE

**FROM** Tisdale Law Offices
10 Spruce St.
Southport CT 06890

**TO** TK (Hong Kong) Shipping Ltd.
Unit 5, 31F office Tower
Convention Plaza 1 Harbour Rd.
Wanchai, Hong Kong

**To Be Completed By Customer (Please Print) All Entries Must Be In Ballpoint or Typed**

PS Form 3806, Receipt for Registered Mail     Copy 1 - Customer
May 2004 (7530-02-000-9051)     (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

# EXHIBIT 5

11 WEST 42ND STREET, SUITE 900
NEW YORK, NY 10036
(212) 354-0025
FAX: (212) 869-0067

# TISDALE
## LAW OFFICES, LLC

10 SPRUCE STREET
SOUTHPORT, CT 06890
(203) 254-8474
FAX: (203) 254-1641

TL@TISDALE-LAW.COM

*New York, NY · Southport, CT*

WWW.TISDALE-LAW.COM

September 19, 2007

***Via Email to GWolfson@mahoneykeane.com***
Zhanggang Shipping Ltd.
C/O Mahoney & Keane, LLP
111 Broadway, Tenth Floor
New York, NY 10006
Attn: Garth S. Wolfson

> **Re:    BRAVE BULK TRANSPORT LTD v. SPOT ON SHIPPING LTD. a.k.a.
> SPOT ON SHIPPING BVI a.k.a. SPOT ON a.k.a. CLAYTON STAR
> COMPANY LTD. a.k.a. CLAYTON STAR and PEHW ASSET
> MANAGEMENT LIMITED a.k.a. PEHW ASSET MANAGEMENT LTD.
> and ZHANGGANG SHIPPING LIMITED,
> 07 Civ. 4546  //  Our Ref.: 07-99-1698**

> **Re:    DEIULEMAR SHIPPING SPA v. SPOT ON SHIPPING LTD. a.k.a. SPOT
> ON SHIPPING BVI a.k.a. SPOT ON a.k.a. CLAYTON STAR COMPANY
> LIMITED a.k.a. CLAYTON STAR, SPOT ON (HONG KONG) GROUP
> CORPORATION LIMITED, SPOT ON INTERNATIONAL GROUP
> LIMITED, SPOT ON COMPANY LTD., PEHW ASSET MANAGEMENT
> LIMITED, PEHW FUND LIMITED, PEHW FUND LIMITED,
> ZHANGGANG SHIPPING LIMITED, and MARK GAINS HOLDINGS
> LIMITED,
> 07 Civ. 3820 // Our Ref.: 07-99-1694**

Dear Mr. Wolfson:

We represent the Plaintiffs in the above referenced lawsuits. We write to advise you that pursuant to two ex parte orders of maritime attachment and garnishment issued in the above referenced lawsuits, Zhanggang Shipping Ltd.'s property was attached at HSBC on or about September 19, 2007 in the sum of $1,000,000.00. Please find attached to this letter all pleadings filed in the above referenced lawsuit including, but not limited to, the Complaints. If you have any questions or concerns, please contact us at your convenience. This letter is sent pursuant to Local Rule B.2 of the Local Rules for the United States District Court for the Southern District of New York.

Kind regards,

Lauren C. Davies

/Enclosures

## Lauren C. Davies

| | |
|---|---|
| **From:** | Lauren C. Davies |
| **Sent:** | Wednesday, September 19, 2007 3:35 PM |
| **To:** | 'gwolfson@mahoneykeane.com' |
| **Cc:** | Thomas Tisdale |
| **Subject:** | Brave Bulk v. Spot On // Deiulemar v. Spot On // TLO Files 1694, 1698 |

Garth:

Please find enclosed notice of a further attachment of Zhanggang's funds pursuant to the two above captioned matters.

Kind regards,

Lauren Davies









| 1698 - 2nd nended Writ and Or | 1698 - 2nd LCD Affidavit 07 cv... | Amended Complaint 07 cv 4546.p... | Amended Complaint 07 cv 3820.p... | 2nd Amended Writ and Order 07 ... | 1694 - 2nd nended Writ and Or | Second Notice to Zhanggang.pdf... |
|---|---|---|---|---|---|---|

Lauren Cozzolino Davies
**Tisdale Law Offices**

11 West 42nd Street
Suite 900
New York, NY 10036
Tel: (212) 354-0025
Fax: (212) 869-0067

10 Spruce Street
Southport, CT
Tel: (203) 254-8474
Fax: (203) 254-1641

www.tisdale-law.com

***NOTICE***
This message is being sent by a lawyer. It may contain attorney-client or attorney work-product information subject to legal privilege. If you receive this email in error, please notify the sender. Thank you.

# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEIULEMAR SHIPPING SPA,                          :

           Plaintiff,                           :     07 CV 03820 (VM)
                                    ECF CASE

      - against -                            :

SPOT ON SHIPPING LTD., a.k.a. SPOT ON         :
SHIPPING LTD. BVI., a.k.a. SPOT ON, a.k.a
CLAYTON STAR COMPANY LIMITED, a.k.a.         :
CLAYTON STAR, SPOT ON (HONG KONG)                  **PARTIAL**
GROUP CORPORATION LTD., SPOT ON               :    **DEFAULT JUDGMENT**
(HONG KONG) GROUP LIMITED, SPOT ON
INTERNATIONAL GROUP LIMITED,                  :
SPOT ON HOLDINGS LIMITED, SPOT ON
COMPANY LTD., PEHW ASSET MANAGEMENT :
LIMITED, PEHW FUND LIMITED,
ZHANGGANG SHIPPING LIMITED and                :
MARK GAINS HOLDINGS LIMITED,
                                    :
           Defendants.
------------------------------------------------------------X

      Pending is the Plaintiff DEIULEMAR SHIPPING SPA's Motion for Partial

Default Judgment against the Defendant, ZHANGGANG SHIPPING LIMITED. The

Court finds that the Defendant was properly served, but has failed to appear and defend in

this action. The Court concludes that the Plaintiff has provided a sufficient basis for the

relief it has requested: **$3,498,324.30.**

      No hearing or investigation is necessary to determine the amount of damages or

establish the truth of any averment by evidence, or for any other purpose.

      Plaintiff is directed to mail copies of this ruling and judgment to the Defendant at

their last known addresses.

Dated:  New York, NY
      July \_\_\_, 2008

**SO ORDERED.**


_____

Victor Marrero
United States District Judge

# EXHIBIT 7

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) – GREETINGS:

WHEREAS an Amended Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 4th day of June 2007 by

DEIULEMAR SHIPPING SPA,
Plaintiff,

against

SPOT ON SHIPPING LTD. a.k.a. SPOT ON SHIPPING LTD. BVI a.k.a. SPOT ON, a.k.a. CLAYTON STAR COMPANY LIMITED a.k.a. CLAYTON STAR, SPOT ON (HONG KONG) GROUP CORPORATION LTD., SPOT ON (HONG KONG) GROUP LIMITED, SPOT ON INTERNATIONAL GROUP LIMITED, SPOT ON HOLDINGS LIMITED, SPOT ON COMPANY LTD., PEHW ASSET MANAGEMENT LIMITED, PEHW FUND LIMITED, ZHANGGANG SHIPPING LIMITED and MARK GAINS HOLDINGS LIMITED,
Defendants,

in a certain action for breach of maritime contracts and indemnity wherein it is alleged that there is due and owing from the Defendants to the said Plaintiff the amount of $1,242,222.40 and praying for process of maritime attachment and garnishment against the said Defendants,

WHEREAS, this process is issued pursuant to such prayer and requires that a garnishee(s) shall serve their answer(s), together with answers to any interrogatories served with the Complaint, within 20 days after service of process upon him and requires that Defendants shall serve their respective answers within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendants cannot be found within the District you attach goods and chattels to the amount sued for; and if such property cannot be found that you attach other property, credit and effects to the amount sued for in the hands of:

ABN AMRO, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A, Barclays Bank, Calyon, Chang Hwa Commercial Bank, Ltd., Chinatrust Commercial Bank, Ltd., and/or Bank of China,

to wit: property, letters of credit, deposits, funds, credits, bills of lading, debts, settlement agreements, or other assets, tangible or intangible, in whatever form of:

SPOT ON SHIPPING LTD. a.k.a. SPOT ON SHIPPING LTD. BVI a.k.a. SPOT ON, a.k.a. CLAYTON STAR COMPANY LIMITED a.k.a. CLAYTON STAR, SPOT ON (HONG KONG) GROUP CORPORATION LTD., SPOT ON (HONG KONG) GROUP LIMITED, SPOT ON INTERNATIONAL GROUP LIMITED, SPOT ON HOLDINGS LIMITED, SPOT ON COMPANY LTD., PEHW ASSET MANAGEMENT LIMITED, PEHW FUND LIMITED, ZHANGGANG SHIPPING LIMITED and MARK GAINS HOLDINGS LIMITED,

and that you promptly after execution of this process, file the same in this court with your return thereon.

WITNESS, the Honorable Kimba M. Wood, Chief Judge of said Court, this ___ day of August 2007, and of our Independence the two hundred and thirty-first.

Tisdale Law Offices
Attorneys for Plaintiff
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025

J. MICHAEL McMAHON
Clerk

By
Deputy Clerk

NOTE: *This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and/or New York Civil Practice Law and Rules, Article 62.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

A CERTIFIED COPY
J. MICHAEL McMAHON,
CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

DEIULEMAR SHIPPING SPA,                      :

       Plaintiff,                                :     07 CV 03820 (VM)

  - against -                                    :     ECF CASE

SPOT ON SHIPPING LTD., a.k.a. SPOT ON         :
SHIPPING LTD. BVI, a.k.a. SPOT ON, a.k.a
CLAYTON STAR COMPANY LIMITED, a.k.a          :     AMENDED EX PARTE ORDER
CLAYTON STAR, SPOT ON (HONG KONG)                  FOR PROCESS OF
GROUP CORPORATION LTD., SPOT ON              :     MARITIME ATTACHMENT
(HONG KONG) GROUP LIMITED, SPOT ON
INTERNATIONAL GROUP LIMITED,                 :
SPOT ON HOLDINGS LIMITED, SPOT ON
COMPANY LTD., PEHW ASSET MANAGEMENT          :
LIMITED, PEHW FUND LIMITED,
ZHANGGANG SHIPPING LIMITED and               :
MARK GAINS HOLDINGS LIMITED,
                                             :
      Defendants.                               :

---------------------------------------------------X

    WHEREAS, on June 4, 2007 Plaintiff, DEIULEMAR SHIPPING SPA, filed an

Amended Verified Complaint herein for damages amounting to $1,242,222.40 inclusive of

interest, costs and reasonable attorney's fees, and praying for the issuance of Process of Maritime

Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for

Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

    WHEREAS, the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of the

Defendant's property within the District of this Court; and

    WHEREAS, the Court has reviewed the Amended Verified Complaint and the

Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it

is hereby

19

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-5-07

ORDERED, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this District, including but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank and/or Wachovia Bank, in an amount up to and including $1,242,222.40 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

ORDERED that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

ORDERED that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

ORDERED that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, and this Order, may be made by way of fax transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

ORDERED that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

ORDERED that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

ORDERED that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: June __, 2007

SO ORDERED:

U.S.D.J.     Victor Marrero

A CERTIFIED COPY
J. MICHAEL McMAHON,                    CLERK

BY _____
            DEPUTY CLERK

21