## CHALOS, O'CONNOR & DUFFY
### ATTORNEYS AT LAW

Michael G. Chalos
Eugene J. O'Connor
Owen F. Duffy
Leroy S. Corsa
Brian T. McCarthy
Timothy Semenoro*
George E. Murray
George K. Kontakis**
Andrew Warner

*Admitted in NY & NJ
**Admitted in NJ (only)

366 MAIN STREET
PORT WASHINGTON, NEW YORK 11050-3120

TELEPHONE (516) 767-3600
TELECOPIER (516) 767-3605 & 3925
WEBSITE: WWW.CODUS-LAW.COM

Eugene J. O'Connor
Partner
oconnor@codus-law.com

July 25, 2008

BY HAND

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-25-08
```

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 660
New York, New York 10007-1312

Re:  Deiulemar Shipping Spa v. Spot On Shipping Ltd. a.k.a. Spot On Shipping BVI a.k.a Spot On
07 Civ. 3820 (VM)
Our File: 500126.0042

Dear Judge Marrero:

We are the attorneys for Zhanggang Shipping Ltd. ("ZSL"). We are representing ZSL in Brave Bulk Transport Ltd. v. Spot On Shipping Ltd., (07 CV 4546), another Rule B action in which the same money as in the above referenced action belonging to ZSL has been attached. The Brave Bulk action is before Judge McMahon and was referenced in the letter from the attorneys for the plaintiff to you on July 11 (copy enclosed). It should be noted that Messrs. Tisdale Law Offices represents both Deiulemar Shipping Spa in this action and Brave Bulk Transport Ltd. in the other action before Judge McMahon.

In the subject action, plaintiff's counsel knew that this firm represented ZSL in the Brave Bulk action. In fact we were copied on their May 29 request to you (copy enclosed) that the referenced case be continued on the Court's suspense docket, where it had been since November 30, 2007, for another six months, i.e. until November 30, 2008.

However, for reasons unknown to us, plaintiff's counsel chose not to copy us on their July 11 request to the Court to restore the case to the active docket and to move for a

default against ZSL, nor have they notified our client. ZSL had been under the understandable impression that because this action had been placed on the suspense docket until at least November 30, 2008 at the plaintiff's request, and since the ZSL wire transfers that the plaintiff had attached at New York garnishee banks pursuant to Rule B would remain attached in the interim, it was not required to take any further action at this time. ZSL certainly had no reason to expect that the case would be restored to the active docket by an *ex parte* application of the plaintiff and a default judgment immediately entered against it without any notice whatsoever.

We, therefore, request that the partial default judgment entered by this Court on July 18, 2008 be vacated in the interests of justice pursuant to Fed. R. Civ. P. 55 (c) and 60 (b) and/or execution of that judgment be stayed until we have a fair opportunity to appear on behalf of ZSL and be heard. Please be advised that ZSL intends to intervene in the action before the Commercial Court in London in which Deiulemar has obtained a default to have that Court determine its alleged connection with the named defendants in that proceeding. This is the same step that ZSL took in the Commercial Court in London with respect to the related Brave Bulk case, for which a hearing has been fixed for September 22 and in consideration of which Judge McMahon issued an Order on July 8 that the Brave Bulk "*case [is] stayed until the London lawsuit is concluded.*"

Copies of Judge McMahon Orders in the Brave Bulk action are enclosed. The situation is virtually identical in this case. ZSL seeks to have the default against it vacated and the action stayed pending the result of its application to intervene in Deiulemar's action in the Commercial Court in London.

Respectfully submitted,

CHALOS, O'CONNOR & DUFFY, LLP

Eugene J. O'Connor

EJO:po
Enclosures
cc.:  Tisdale Law Office, LLC        **(via telecopier)**
Fax:  203-254-1641
Attn: Thomas L. Tisdale, Esq.

---

Request GRANTED. A status conference herein is scheduled for 7-31-08 at 10:30 AM to address the matter described above by defendant Zhanggang Shipping Ltd. Pending this conference or any adjournment, SO ORDERED of it, execution of the default judgment entered on 7-18-08 against defendant is stayed.

DATE 7-25-08  VICTOR MARRERO, U.S.D.J.

2